■ MARY L. BULLOTTA, Appellant, v. ANTHONY L. BULLOTTA, Respondent. —Appeal by the plaintiff wife (1) from all parts of a judgment of the Supreme Court, Orange County, entered April 30, 1973, except the part which granted her a divorce, and (2) from so much of an order of the same court, dated February 14, 1973, as denied her motion to set aside the decision upon which the judgment was entered; and defendant cross-appeals (1) from so much of the judgment as directed that he pay all plaintiff's future medical expenses, including psychiatric care, (2) from so much of the February 14, 1973 order as denied defendant's cross motion to resettle the transcript of the proceedings on October 19, 1972 and (3) from an order of the same court, dated May 22, 1973, which disallowed his proposed amendments to said transcript. Defendant's appendix also contains a notice of appeal dated March 22, 1973, from a purported provision of the order of February 14, 1973, directing defendant to pay all plaintiff's future medical expenses. Judgment reversed insofar as appealed from, on the law and in the interests of justice, and new trial granted as to all the issues other than that of whether plaintiff is entitled to a divorce. Defendant's appeal by his notice of appeal dated March 22, 1973 dismissed. The record does not contain any order making the direction referred to in said notice of appeal. Cross appeals from the order dated February 14, 1973, and defendant's appeal from the order dated May 22, 1973 dismissed as academic, in view of the determination herein on the cross appeals from the judgment. Plaintiff is awarded a single bill of costs to cover all the appeals. In our opinion there is an inadequate record to support the awards and dispositions made. Of particular note is the award of custody to defendant of the parties' three infant children (ages about 8, 13 and 15 years), which was made in the complete absence of facts as to how defendant, a flight engineer (presumably required to spend long and frequent periods away from home), would be able to care for the children (see *Rowe v. Rowe,* 42 A D 2d 830). The trial court should also ascertain the wishes of the children as to custody, although that, standing alone, is not determinative of the custody issue. As to the alleged consent by plaintiff to defendant's custody of the children, we note only that plaintiff stated that she could not accept custody of the children unless defendant paid her $200 a week. This hardly amounts

to an unconditional consent of custody in defendant. Furthermore, even if there were consent, such voluntary relinquishment of custody is not determinative, but merely one factor to be considered in the over-all determination of the party to whom custody should be awarded (see *People ex rel. Rowe* v. *Rowe*, 11 A D 2d 759). Finally, we are of the opinion that the trial court erred in directing that defendant pay all plaintiff's future medical expenses, including psychiatric care. Directing payment of all future medical expenses exposes defendant to unlimited liability and is not warranted in this case (see *Manacher* v. *Manacher*, 35 A D 2d 705; *De Gasper* v. *De Gasper*, 31 A D 2d 886; *Furst* v. *Furst*, 30 A D 2d 955; *Schine* v. *Schine*, 28 A D 2d 976). Some outer limit should be set as to the maximum amount of medical expenses defendant may be called upon to pay, with leave to plaintiff to move for additional awards if the circumstances warrant. Hopkins, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.