■ In the Matter of MARIANNE K. MONTAGNA, Respondent, v JAMES C. KROK, Appellant.—In a custody proceeding, the father appeals from an order of the Family Court, Putnam County, dated August 3, 1977, which, after a hearing, awarded custody of the parties' infant son to the petitioner mother. Order affirmed, without costs or disbursements. The mother left the marital home in January, 1976 with the parties' seven- and one-half-year-old son and instituted a divorce action. On March 26, 1976, in a habeas corpus proceeding, the Supreme Court awarded temporary custody to the father, with limited visitation to the mother, after a hearing at which the court interviewed the child and heard the testimony of the parties and of the headmistress of the child's school. In the divorce action, each of the parties was granted a divorce and the issue of custody was referred to the Family Court. The mother then remarried. On the parties' stipulation, and after interviewing the child and two psychiatrists engaged by the parties, Judge Bowers suggested a "temporary program" with increased visitation on alternate weekends for the mother. He referred to the need for stability, but expressed concern as to the sufficiency of the child's nonintellectual recreational pursuits and stated that the mother could help round out the child's personality and interests. Judge Miller held a plenary hearing during which he heard the testimony not only of the parents and the school headmistress, but also of the mother's new husband, the child's present teacher, the two psychiatrists, the father's housekeeper and the parties' neighbors and friends. At the hearing, the mother was described as warm, kindly and flexible, while the father was referred to as a methodical and disciplined person who leads a regimented life. It further appeared that on the Mondays following visitation with his mother, the child cried in school inconsolably the entire morning and was cranky and irritable when he returned home to his father in the afternoon. Judge Miller also had the advantage of receiving the school records and the reports of the Law Guardian and the probation department. There was ample evidence that it was in the child's best interests to award custody permanently to the mother and Judge Miller's determination should not be disturbed. The parties should participate in appropriate counseling under the supervision of the Family Court to the end that they will co-operate to assure the development and maintenance of the continuing long-term relationships favored by the law and modern pediatric psychology (see *Braiman v Braiman,* 61 AD2d 995). Martuscello, J. P., Damiani, Shapiro and O'Connor, JJ., concur.