■ In the Matter of EDNA E. MINOR, Petitioner, v COUNTY OF NASSAU et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondents dated May 19, 1977, which, after a hearing, denied the petitioner's application to, *inter alia,* be reappointed to the position of communications operator I. Determination confirmed, and petition dismissed on the merits, without costs or disbursements (see *Matter of Pell v Board of Educ.,* 34 NY2d 222; cf. *Matter of Rosenberg v Wickham,* 36 AD2d 881; *Matter of Going v Kennedy,* 5 AD2d 173, affd 5 NY2d 900). O'Connor, J. P., Rabin, Gulotta and Shapiro, JJ., concur.

■ · In the Matter of SHIRLEY A. J. MITCHELL, Appellant, v JAMES MITCHELL, Respondent.—In a proceeding pursuant to article 4 of the Family Court Act, the petitioner wife appeals (by permission) from an order of the Family Court, Queens County, dated December 12, 1978, which, *inter alia,* awarded "temporary" custody of the child of the marriage to the respondent. Order reversed, with costs, and proceeding remanded to the Family Court for a hearing to determine custody, visitation rights, and support. The parties came before the Family Court having reached a tentative agreement on all matters concerning the breakup of their marriage except the details of visitation. Their child, then three years of age, had been in her mother's physical custody since the breakup four months earlier. The court raised the issue of custody, *sua sponte,* and ordered the return of the child to her father, who was to have custody from Monday through Friday. The petitioner was to have custody on weekends. The question of whether a parent has time to take care of a child is an important one when custody is in issue (cf. *Bullotta v Bullotta,* 43 AD2d 847). There is nothing in the record to indicate that the petitioner cannot properly care for her child because of her employment. Moreover, serious questions were raised concerning the respondent's fitness and those questions were not adequately answered in the course of the brief hearing that resulted in this order. Any change in custody, however brief the period, is disruptive (cf. *Matter of Nehra v Uhlar,* 43 NY2d 242, 249). The order under review would give the respondent physical custody of the child for five days a week and leave final determination of custody until some unspecified time in the future. Such changes in custody should be avoided unless they are necessary (see *Dintruff v McGreevy,* 34 NY2d 887). A change in custody should, at the very least, follow a full hearing in which all relevant aspects of the matter are considered and weighed by the court. *(Obey v Degling,* 37 NY2d 768.) The hearing in the instant case was inadequate. The custody issue was raised by the court, *sua sponte,* at the hearing and the parties, each of whom was represented by counsel, were not afforded an adequate opportunity to prepare their cases or to present such evidence as was available. No investigation was undertaken by the probation department and there was no independent evidence indicating the fitness of the respondent to have custody. The matter must therefore be remanded to Family Court for a hearing and determination on the issues of custody, visitation and support. Mollen, P. J., Hopkins, Rabin and Martuscello, JJ., concur.