■ DIANE WEAVER, Respondent, v SHELDON WEAVER, Appellant.—Judgment unanimously modified, and, as modified, affirmed, and order affirmed, with costs to plaintiff, in accordance with the following memorandum: Defendant, Sheldon Weaver, appeals from the judgment of divorce and temporary injunction granted against him in this action. He does not dispute the propriety of the divorce and custody provisions but asserts that the court erred in the amount of alimony and child support payments which it directed. We reject defendant's contention that sections 236 and 237 of the Domestic Relations Law are unconstitutional by reason of *Orr v Orr* (440 US 268). The amendments of those sections (L 1980, ch 281, §§ 9, 10) conform them to the gender-neutral requirement of the *Orr* decision. Although the awards in this case preceded *Orr* and the statutory amendments, we have ruled that the former versions of such statutes are to be read in a

gender-neutral manner (see *Jadhon v Jadhon,* 77 AD2d 790, and cases cited therein), and we do not find that these statutes were unconstitutionally applied by the trial court in this case. Although the trial court made some findings of fact, it failed to do so completely in support of its determinations as provided by statute (CPLR 4213, subd [b]). It is apparent that the trial court assumed that defendant had some income in amounts not specifically revealed in the record. Rather than reverse and order a new trial, we deem it advisable to conclude the litigation at this time by making the findings of fact and conclusions of law which the record supports. Plaintiff's gross income at trial was approximately $5,400 per year, and it appears that she had other assets of about $4,000 in personal property besides her 25% ownership of the capital stock of Weaver Manufacturing, Inc., the market value of which was not established. It appears that dividends are not presently being paid on that stock. Defendant's gross income at trial was approximately $21,600 per year. He owned an unencumbered parcel of real property, the value of which was not established, furs, jewelry, snowmobiles and automobiles valued in excess of $18,000, 75% of the capital stock of Weaver Manufacturing, Inc., and all of the capital stock of 991 Aero Drive, Inc., which owns the real property on which Weaver Manufacturing, Inc., conducts its business and for the use of which Weaver Manufacturing, Inc., pays to 991 Aero Drive, Inc., $30,000 annual rent. The record, however, does not show the value of defendant's stock in Weaver Manufacturing, Inc., nor the value of the stock of 991 Aero Drive, Inc. There is evidence that the latter corporation's expenses equal the rent received. Defendant also owns a boat for which in 1976 he paid $11,750, but its present value was not shown. It was defendant's practice to have Weaver Manufacturing, Inc., pay many of his bills, but there is no proof of its annual value to him. It is clear from the record that defendant had no intention of revealing any more of his true financial condition than was necessary. By paragraph 9 of the judgment plaintiff is given exclusive use of the marital residence and defendant is directed to pay all future expenses in connection therewith. Such general provisions for payment of indefinite amounts which can vary greatly by reason of the conduct of the beneficiary are not favored *(De Gasper v De Gasper,* 31 AD2d 886; *Schine v Schine,* 28 AD2d 976); but the testimony in this case fixes the total of such items at less than $700 per month, except for some unforeseen building maintenance expenses and inflation. Paragraph 9 of the judgment is amended by clarifying the payment directives to provide that defendant shall pay all future mortgage payments, utility bills, including heat, light and reasonable telephone bills, real property taxes, fire insurance premiums, reasonable household repairs and other reasonable bills in connection with maintenance of the residence. For other living expenses petitioner testified that she needs nearly $650 per month so that the total cash needs for plaintiff and the two children, including the provision in paragraph 9 of the judgment, are estimated to approximate $16,000 per year. Considering plaintiff's income and capital assets and defendant's income and capital assets as shown in this record, and as above recited and found as facts, we conclude that paragraph 10 of the judgment should be modified to reduce defendant's alimony payments to plaintiff to the amount of $50 per week, and to reduce his support payments to the two children to the sum of $50 per week for each, for a total weekly cash payment by defendant to them in the sum of $150, under paragraph 10 of the judgment as herein modified. Except for the above modification of paragraphs 9 and 10 thereof the judgment is affirmed. The order granting temporary injunction is affirmed and continued with respect to the judg-

ment as herein modified, until defendant has made all payments presently due under the judgment, at which time he may move to vacate the injunction. (Appeal from judgment of Erie Supreme Court—divorce.) Present —Cardamone, J. P., Simons, Hancock, Jr., Callahan and Witmer, JJ.