■ ROCHELLE FRISCH, Respondent, v EMERICK FRISCH, Appellant. — In a support proceeding pursuant to article 4 of the Family Court Act, the husband appeals from an order of the Family Court, Kings County (McConnell, J.), dated June 13, 1980, which, after a hearing, directed him to pay petitioner wife $100 weekly for support and maintenance, to pay all medical and dental bills incurred by petitioner and their child, to pay all of petitioner's utility bills, and to pay the mortgage on the marital residence. Order reversed, without costs or disbursements, and matter remitted to Family Court, Kings County, for further proceedings consistent herewith. Pending further action by the Family Court, appellant shall continue to pay $100 per week support and maintenance to the petitioner and child and shall pay the mortgage payments on the marital home as they fall due. On the court's own motion, all reference to the attorney listed on the appellant's brief is deemed stricken and he is not to be considered as acting as an attorney for the appellant in any proceeding in this matter. It is further ordered, on the court's own motion, that any papers to be served on the appellant in connection with this matter may be served upon him personally or by ordinary mail at the following address: "Emmerick Frisch c/o Moses Frisch, 1414 46th Street, Brooklyn, New York", until such time as appellant files with

the Family Court, Kings County, and serves upon the petitioner's counsel a notice of appearance on his behalf by an attorney, duly inscribed by said attorney. It appears that the appellant did not retain the attorney listed on his brief. Appellant was less than candid with this court about who, in fact, prepared his papers, when he responded to a direct question from the Justice presiding at the oral argument of the appeal in this case. The attorney's name should be removed in order to spare him any further embarrassment in connection with this matter. We are in agreement with the Family Court that the appellant should make the mortgage payments on the marital home, make alimony and maintenance payments, and pay certain utility bills and all the medical and dental care bills of the wife and child. However, the judgment, should not be open-ended. (See 22 NYCRR 699.9 [f] [6]: *Troiano v Troiano* 87 AD2d 588; *Wurm v Wurm,* 87 AD2d 590.) We thus remit the matter. From the record we are unable to determine which party collects rent money on the rental unit in the marital home. Whether petitioner, in fact, collects or has collected the rent or if rent payments are, or have been, made to the appellant should be considered in determining the proper support payments. In any event, if the mortgage payments on the marital home are increased in future years, for example by an increase in tax or escrow funds, petitioner may proceed by motion to seek an increase in the payments to be made by the appellant. The Family Court should also apportion the weekly alimony and child support payments and set forth a specific and reasonable amount for utility bills. The record shows that the total of the utility bills is less than $250 per month. The court should be more specific as to appellant's responsibilities with respect thereto. (See *Weaver v Weaver,* 78 AD2d 771, 772.) The Family Court should also consider whether or not appellant can meet his medical and dental payment obligations through payment of insurance premiums. (See *Gordon v Gordon,* 71 AD2d 911, 912.) We have reviewed appellant's other contentions and find them to be lacking in merit. Thompson, J. P., Brown, Niehoff and Boyers, JJ., concur.