■ MARY A. MARANDO, Respondent-Appellant, v NICHOLAS MARANDO, Appellant-Respondent. — In an action for divorce, defendant husband appeals from so much of a judgment of the Supreme Court, Kings County (Rigler, J.), dated December 23, 1981, as (1) granted custody of the parties' child to plaintiff wife; (2) directed defendant to provide for plaintiff's psychotherapeutic assistance in the event that plaintiff cannot provide for it herself; (3) directed defendant to pay plaintiff's legal fees in the sum of $2,750; and (4) set forth a schedule of visitation. Plaintiff cross-appeals from so much of the same judgment as (1) ordered that if she interferes with defendant's visitation without proper cause, the issue of custody will be reviewed; (2) provided for defendant's visitation rights including overnight visitation; (3) provided that defendant's obligation to pay alimony and child support was dependent upon defendant being permitted visitation; and (4) granted only $2,750 in legal fees. Judgment modified, on the law, by deleting the provision which directed defendant to provide for plaintiff's psychotherapeutic assistance in the event that plaintiff cannot provide for it herself. As so modified, judgment affirmed, insofar as appealed from, without costs or disbursements, and matter remitted to the Supreme Court, Kings County, for further proceedings consistent herewith. In determining a question of child custody, a court must weigh various factors and policies in order to ascertain what is in the child's best interests (Domestic

Relations Law, § 70; *Eschbach v Eschbach,* 56 NY2d 167, 171; *Matter of Ebert v Ebert,* 38 NY2d 700, 702). On appellate review, the finding of the nisi prius court must be accorded the greatest respect and should not be set aside absent sufficient articulable reasons (*Eschbach v Eschbach, supra,* p 173; *Matter of Ebert v Ebert, supra,* p 702). Based upon our review of the record before us, we find no basis for setting aside the determination here. Defendant husband must, of course, be accorded his visitation rights, which, because of the child's tender years, we find to have been reasonably set by Special Term. Should plaintiff wife obstruct defendant's visitation privileges, defendant may seek appropriate judicial relief (cf. *Weiss v Weiss,* 52 NY2d 170; *Strahl v Strahl,* 49 NY2d 1036, affg 66 AD2d 571). In the interest of their child, we recommend that the parties seek counseling under judicial supervision (see *Matter of Montagna v Krok,* 62 AD2d 1039). The provision in the judgment of divorce directing that defendant provide for plaintiff's psychiatric therapy did not constitute an improper award of indirect alimony pursuant to part A of section 236 of the Domestic Relations Law. Inasmuch as it was determined that the best interests of the child would be served if plaintiff sought psychiatric counseling, the provision for counseling and its payment was addressed solely to the issues of custody and visitation rather than alimony. Nonetheless, it was error to direct the defendant to pay all of plaintiff's psychiatric expenses to the extent that she cannot provide for them herself. Such a directive is in the nature of an open-ended obligation which exposes the defendant to unlimited liability and is thus improper under 22 NYCRR 699.9 (f) (6) (see *Frisch v Frisch,* 87 AD2d 883, 884; *Bullotta v Bullotta,* 43 AD2d 847, 848). Some outer limit should be set on the maximum amount of such expenses the defendant may be required to pay, with leave to plaintiff to apply for additional awards if the circumstances warrant (*Bullotta v Bullotta, supra; Wurm v Wurm,* 87 AD2d 590, 591). Accordingly, the matter must be remitted for that purpose. Finally, we find no error in directing defendant to pay for plaintiff's legal fees (Domestic Relations Law, § 237, subd [a]). At the time of the divorce action plaintiff was unemployed and was required to borrow money from her mother to pay for a portion of the legal fees incurred (Domestic Relations Law, § 237; see, e.g., *Cook v Cook,* 95 AD2d 768, 769; *Rodgers v Rodgers,* 98 AD2d 386). Titone, J. P., Gibbons, O'Connor and Rubin, JJ., concur. [Prior decision 99 AD2d 464 vacated Jan. 17, 1984, 100 AD2d 988.]