■ MARILYN GOLDIN, Respondent, v LEON GOLDIN, Appellant.—In an action in which the plaintiff wife was granted a divorce by a judgment of the Supreme Court, Orange County, entered September 10, 1976, defendant appeals from stated portions of the said judgment. Judgment modified, on the law and the facts, by (1) deleting the twelfth decretal paragraph thereof, which directed defendant to pay plaintiff $5,000 for use towards the purchase of a new motor vehicle, and substituting therefor a provision directing defendant to furnish plaintiff a suitable automobile for her use, and (2) reducing the amount awarded in the thirteenth decretal paragraph thereof as a counsel fee to $5,000. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. Defendant's time to pay the counsel fee as reduced is extended until 60 days after entry of the order to be made hereon. The trial court properly determined that the wife should be furnished with an automobile for her use, and it appears reasonable from the record that an automobile costing approximately $5,000 may well be the quality and style of vehicle she should have. The judgment, however, should have directed that the husband provide a suitable automobile for the wife rather than have required the payment of money (see *Roscini v Roscini,* 41 AD2d 895). The counsel fee was excessive to the extent indicated herein. Hopkins, Acting P. J., Martuscello, Cohalan and Damiani, JJ., concur.

■ ROSE M. HUNDERFUND, Appellant, v RONALD J. HUNDERFUND, Respondent.—In an action in which the plaintiff wife was granted a divorce by a judgment of the Supreme Court, Rockland County, dated November 6, 1975, she appeals, as limited by her brief, from so much of the said judgment as, after a nonjury trial, (1) awarded her only $75 per week as alimony and $75 per week as child support, (2) determined that a certain coin collection is the sole property of defendant and (3) failed to award her ownership and possession of a 1969 Mustang automobile. Judgment modified, on the facts, by increasing the amount awarded as alimony in the fourth decretal paragraph thereof to $125 per week. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. Mindful that the courts are looking toward "a more equitable and less discriminatory approach to economic responsibility between men and women who divorce" *(Kay v Kay,* 37 NY2d 632, 637), under the circumstances of this case the alimony award should be increased to $125 per week. We have examined plaintiff's other contentions and find them to be without merit. Plaintiff's remedy with respect to the automobile is to seek to have the judgment amended by the trial court. Cohalan, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.