■ DOREEN MURENA, Respondent, v KENNETH MURENA, Appellant.—In a matrimonial action in which the plaintiff wife was granted a judgment of divorce, defendant appeals from a judgment of the Supreme Court, Suffolk County, dated August 20, 1979, which, after a hearing before a Referee, *inter alia,* awarded plaintiff (1) $2,333 in damages, (2) $125 per week as alimony, (3) $50 per week as child support, (4) exclusive possession of the marital residence, with provisions that plaintiff and defendant should share equally the maintenance expenses and that plaintiff should be solely responsible for all utility costs, and (5) a counsel fee of $3,500. Judgment modified, on the law, by (1) deleting from the third decretal paragraph thereof all language beginning with "both plaintiff and defendant are to share equally" and ending with "fuel oil costs", (2) adding to the second decretal paragraph thereof, which awarded plaintiff alimony of $125 per week, a provision that the award is inclusive of defendant's obligation to pay the costs and expenses of "maintenance, operation and upkeep" of the marital premises and (3) deleting the sixth decretal paragraph thereof. As so modified, judgment affirmed and case remitted to Special Term for a new determination as to counsel fees after a hearing or, if the parties so stipulate, upon papers specifying in detail the time spent for each particular service. No costs or disbursements are awarded. Section 699.9 of the rules of this court (22 NYCRR 699.9 [f] [6]) provides, in part, that "when the wife is awarded exclusive possession of the marital residence, the sum awarded [as alimony and support] will be inclusive of mortgage interest, amortization and escrow payments" and further that "the judgment should award a specific sum and not direct that he [the husband] pay indeterminate obligations". The purpose of the foregoing rule is to prevent litigation concerning the amount

owing as alimony. *(Schwartz v Schwartz,* 50 AD2d 877.) In our opinion alimony in the amount of $125 per week, which shall be inclusive of all maintenance, operation and upkeep expenses of the marital premises, is appropriate in light of the financial status of the parties. We note that in determining the counsel fees Special Term erroneously included in its computation services rendered in the Family Court. Lazer, J. P., Gibbons, Gulotta and Cohalan, JJ., concur.