■ GRACE E. DORIS, Respondent, v JOHN J. DORIS, Appellant. — In a matrimonial action, the defendant husband appeals, as limited by his brief, from the financial provisions of a judgment of divorce of the Supreme Court,

Suffolk County, dated August 25, 1980. Judgment modified, on the law and the facts, by (1) deleting the sixth, seventh and eighth decretal paragraphs, and (2) reducing the counsel fee award in the ninth decretal paragraph from $3,500 to $2,500. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements, and matter remitted to Special Term for further proceedings and a *de novo* award, *inter alia,* of alimony and child support in accordance herewith. During the interim, the defendant is directed to pay plaintiff the sum of $145 per week as alimony and $35 per week per child as child support. In fixing the award of alimony, Special Term should have awarded a specific sum and not directed the defendant husband to pay indeterminate obligations, or obligations which are subject to change by a third party. Thus, as regards the marital premises, a specific sum should have been awarded which would be inclusive of mortgage interest, amortization and escrow payments, as well as the costs of ordinary maintenance, operation and upkeep (see 22 NYCRR 699.9 [f] [6]; *Murena v Murena,* 75 AD2d 640). Similarly, it would have been preferable to include in the award of alimony an increment representing the cost of insurance and ordinary maintenance for the automobile to be supplied free of charge to the plaintiff wife. The inclusion of an escalator clause in the sixth decretal paragraph was clearly unwarranted. The counsel fee awarded was excessive to the extent indicated herein. Finally, our award of interim alimony and child support should not be taken as being in any way determinative of what we believe to be a proper permanent award. Lazer, J.P., Gibbons, Gulotta and Cohalan, JJ., concur.