■ MARY A. TROIANO, Respondent, v GABRIEL TROIANO, Appellant. — In a matrimonial action, the defendant husband appeals, as limited by his notice of appeal and brief, from so much of a judgment of divorce of the Supreme Court, Richmond County (Sacks, J.), dated November 19, 1980, as (1) directed him to pay alimony of $100 per week and child support of $75 per week per child (total of $300 per week as child support), (2) ordered that the plaintiff wife is to have exclusive possession of the marital premises until the parties' third of four children reaches the age of 21, (3) directed defendant to pay the mortgage, taxes, heating, insurance and extraordinary expenses necessary to maintain the marital premises, (4) directed defendant to pay the reasonable and necessary medical and dental expenses of the children, (5) directed plaintiff to pay only $5,000 to defendant representing one half of the remainder of moneys taken by plaintiff from defendant, (6) directed defendant to convey title to his 1979 Chevrolet Impala station wagon to plaintiff, (7) directed defendant to pay plaintiff $2,000 in counsel fees, and (8) denied his counterclaim for conversion of $27,000. Judgment modified, on the law and the facts, by (1) modifying the sixth decretal paragraph so as to increase alimony to $245 per week, (2) adding to the sixth decretal paragraph provisions that the alimony award is inclusive of defendant's obligation to pay the costs and expenses of maintenance, operation and upkeep of the marital premises, except extraordinary repairs of the house, and that the alimony and child support awards are inclusive of all obligations of defendant for the support of the plaintiff and the children, except extraordinary medical or dental expenses, (3) deleting the eighth and ninth decretal paragraphs, (4) deleting the words after "sum of" in the twelfth decretal paragraph and replacing them with the words "$10,000 representing the full amount of the remainder of moneys taken by plaintiff from defendant by conversion after the total of $27,000 taken by plaintiff is reduced by the amount of money plaintiff spent on necessaries", to wit $17,000, and (5) deleting the words after "shall" in the sixteenth decretal paragraph and inserting in their place the words "provide plaintiff with the exclusive use and possession of his 1979 Chevrolet Impala station wagon." As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. It is clear from the facts and circumstances of this case that the amounts awarded for direct and indirect alimony (mortgage payments, taxes, insurance and heating) and child support were not excessive. However, payments of the carrying charges on the house (mortgage payments, taxes, insurance and heating) are in the nature of open-ended obligations, and thus improper under 22 NYCRR 699.9 (f) (6) (see *Murena v Murena,* 75 AD2d 640). The amount necessary to meet these costs should be taken into account when setting alimony and child support (see *Doris v Doris,* 81 AD2d 602). Therefore, the alimony figure has been increased to compensate for these open-ended expenses which will now be borne by the plaintiff. Similarly, medical and dental costs are open-ended and the provision directing their payment must be stricken from the judgment. However, this decision does not preclude plaintiff from applying for payment of future extraordinary medical or dental expenses

for herself or the children or for payment of the expense of extraordinary house repairs. Plaintiff may, if she be so disposed, make future application to either the Supreme Court or the Family Court to recover the expenses which she may hereafter incur for any extraordinary medical or dental treatment for herself or the children or for extraordinary repairs to the marital premises (22 NYCRR 699.9 [f] [6]). The granting to plaintiff of possession of the marital premises until three of the parties' four children reach the age of 21 is not an abuse of discretion on the part of the Trial Judge. Hence, it may not be disturbed by this court. Of course, the parties are at liberty, if they be so disposed, to mutually agree to a sale at an earlier date. Defendant has established that plaintiff converted $27,000 of his funds. The record demonstrates that this money was earned by the defendant and originally placed in a joint safe deposit box and later in a safe from which it was taken by the plaintiff without the consent of the defendant. The placement of the money in such box does not have the same effect as a deposit in a joint bank account pursuant to section 675 of the Banking Law. (Each party to the joint account has a right to one half of the account.) The common-law rules of joint tenancy apply to a joint safe deposit box. The box itself is joint property. The mere placement of an article onto or into joint property does not automatically change the article into joint property without the intent to do so. Defendant has shown no intent to change the $27,000 into joint property. He has constantly asserted his dominion and control over the money. This marital action was tried before the advent of equitable distribution. Therefore, plaintiff's taking of the $27,000 amounts to a conversion. However, the plaintiff has established that $17,000 of said sum was spent by her for necessaries. Accordingly, the plaintiff is entitled to an offset for said sum of $17,000 against the sum of $27,000 which she converted from defendant. Although the plaintiff did not plead a cause of action for necessaries, she introduced convincing evidence of her expenditures for necessaries without objection by the defendant, and at the close of plaintiff's case moved to conform the pleadings to the proof, which motion was granted. That being so, the amount of $27,000 which she owes as a result of the conversion should be reduced by $17,000. Plaintiff is not possessed of sufficient means to pay her own attorney. Given the circumstances of the parties, defendant must pay plaintiff's attorney's fees (see Domestic Relations Law, § 237), including the additional $2,000 awarded plaintiff by Special Term for counsel fees and expenses, which this court finds was not an excessive award for services rendered to and including the entry of judgment. The sum of $3,500 originally paid by the plaintiff for counsel fees has heretofore been charged against the defendant as a part of the offset to the conversion claim. Pursuant to section 234 of the Domestic Relations Law, the ordering of a transfer of title to the automobile to plaintiff from defendant was improper (see *Baum v Baum,* 72 AD2d 781). However, the ordering of the exclusive use and possession of the station wagon is proper (see *Goldin v Goldin,* 55 AD2d 945). The court finds defendant's other points are without merit. Mollen, P. J., Lazer, Mangano and Niehoff, JJ., concur.