■ BETTY WURM, Respondent, v MORRIS WURM, Appellant. — In a matrimonial action, the defendant husband appeals, as limited by his brief, from so much of a judgment of divorce of the Supreme Court, Kings County (Rigler, J.), dated August 6, 1980, as (1) granted custody of the parties' infant daughter, born on February 9, 1970, to the plaintiff wife, (2) granted exclusive possession of the marital residence to plaintiff and directed the defendant to vacate the marital residence within 30 days, (3) granted plaintiff alimony and child support in the sum of $400 per month, allocating $200 for alimony and $200 for child support, (4) directed the defendant to maintain all of his existing medical coverage, as provided by his employer, maintaining his daughter as benefi-

ciary thereof, (5) directed defendant to pay the mortgage, insurance and fuel expenses for the marital residence, (6) directed defendant to notify his employer to remove all voluntary payroll deductions from his salary and wages, and (7) granted plaintiff a wage deduction order pursuant to section 49-b of the Personal Property Law. Judgment modified, on the law and the facts, (1) by modifying the seventh decretal paragraph so as to increase alimony to $400 per month and child support to $300 per month, for a total of $700 per month, (2) by adding to the seventh decretal paragraph provisions that the award is inclusive of defendant's obligation to pay the costs and expenses of maintenance, operation and upkeep of the marital premises, except extraordinary repairs of the house, and that the total sum is inclusive of all obligations of defendant for the support and maintenance of the plaintiff and the infant child Julie Hope Wurm, except extraordinary medical or dental expenses, (3) by deleting the eighth and twelfth decretal paragraphs, and (4) by modifying the eleventh decretal paragraph so as to increase the wage deduction order to $700 per month. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. The plaintiff was awarded custody of the parties' 12-year-old daughter and the defendant was awarded custody of the parties' 17-year-old son. It is axiomatic that "the separation of siblings * * * is to be frowned upon" and "[c]lose familial relationships are much to be encouraged" (*Matter of Ebert v Ebert,* 38 NY2d 700, 704). However that may be, in cases where it is clear that the best interests of each child lies with a different parent, a split custody decree is proper (see *Eschbach v Eschbach,* 83 AD2d 845; *Sandman v Sandman,* 64 AD2d 698; *Porges v Porges,* 63 AD2d 712). Such is the case herein. The granting of exclusive occupancy of the marital premises to the plaintiff was not an abuse of discretion on the part of the Trial Judge. The circumstances of the parties are such that the possession of the home by the wife and the young daughter is proper (see *Weseley v Weseley,* 58 AD2d 829; *Bonardi v Bonardi,* 55 AD2d 613). It is clear from the facts and circumstances of this case that the amounts awarded for direct and indirect alimony (mortgage payments, taxes, insurance and heating) and child support were not excessive. However, payments of the carrying charges on the house (mortgage payments, taxes, insurance and heating) are in the nature of open-ended obligations. This is improper by reason of the provisions of 22 NYCRR 699.9 (f) (6) (see *Murena v Murena,* 75 AD2d 640). The amount necessary to meet these costs should be taken into account when setting alimony and child support (see *Doris v Doris,* 81 AD2d 602). Therefore, the alimony and child support figures have been increased to compensate for these open-ended expenses which will now be borne by the plaintiff. This decision does not preclude plaintiff from applying for payment of future extraordinary medical or dental expenses for herself or the daughter or for payment of the expense of extraordinary house repairs. Plaintiff may, if she be so disposed, make future application to either the Supreme Court or the Family Court to recover the expenses which she may hereafter incur for any extraordinary medical or dental treatment for herself or the child or for extraordinary repairs to the marital premises (22 NYCRR 699.9 [f] [6]). Finally, it is clear from the record that defendant's financial circumstances are such that the imposition of a wage deduction order and the direction to the defendant to remove any voluntary payroll deductions were proper. Defendant has historically not paid the mortgage or utility expenses. Pursuant to section 49-b of the Personal Property Law, there was "good cause" to direct the issuance of a wage deduction order. Defendant has attempted to make himself judgment proof by voluntarily having additional pension and tax deferred annuity payments deducted from his salary. Therefore, it was proper, in the interest of justice, for Special Term to have ordered defendant to remove

these voluntary deductions to provide a fund from which to pay his familial obligations (see Personal Property Law, § 49-b, subd 2). It was well within the court's broad equity power to make such a decree. Mangano, J. P., Thompson, Brown and Niehoff, JJ., concur.