■ MADELINE B. DE LORA, Respondent, v RALPH DE LORA, Appellant. — In a matrimonial action, defendant appeals (1) from a judgment of the Supreme Court, Queens County (Lerner, J.), dated January 6, 1982, which, *inter alia,* awarded plaintiff a divorce against defendant, and (2) from an order of the same court, dated January 20, 1982, which denied his motion to reargue

(denominated reopening). Appeal from the order dated January 20, 1982 dismissed, without costs or disbursements. No appeal lies from an order denying reargument. Judgment modified, on the law and the facts, by (1) modifying the third decretal paragraph so as to increase maintenance to $149 per week, (2) adding to the third decretal paragraph a provision that the maintenance award is inclusive of defendant's obligation to pay the costs and expenses of maintenance, operation and upkeep of the marital premises, except extraordinary repairs of the house, and that the maintenance and child support awards are inclusive of all obligations of defendant for the support of the plaintiff and the children, except extraordinary medical or dental expenses, (3) modifying the fourth decretal paragraph so as to decrease child support to $25 per week per child, and (4) deleting the sixth decretal paragraph. As so modified, judgment affirmed, without costs or disbursements. As plaintiff concedes in her brief, the trial court improperly awarded her, as permanent maintenance and child support, a sum of money that exceeded defendant's ability to pay. After a review of the record, we agree with her conclusion that the proper measure of permanent maintenance and child support should be that provided in the *pendente lite* order dated August 4, 1981, which awarded her $25 per week as maintenance and $25 per week per child as child support in addition to the sum due monthly as mortgage and tax payments on the marital residence (specified in the trial minutes as $536 per month). Since carrying charges on the house are open-ended obligations, however, they must be taken into account in the fixing of maintenance; therefore, the maintenance award must be increased accordingly, from $25 per week to $149 per week (see *Troiano v Troiano,* 87 AD2d 588). We find defendant's other points on appeal to be without merit. Gulotta, J. P., O'Connor, Thompson and Brown, JJ., concur.