■ JOHN P. DI MASCIO, Appellant, v ANGELA DI MASCIO, Respondent. — In a matrimonial action, the plaintiff husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Orgera, J.), entered August 4, 1981, as (1) directed him to pay alimony of $95 per week and child support of $30 per week per child (total of $90 per week as child support), (2) directed him to pay to defendant $2,500 in counsel fees, (3) awarded defendant custody of the three children with visitation rights for plaintiff, and (4) directed plaintiff to give defendant exclusive use of the 1974 Datsun with insurance maintained by plaintiff. Judgment modified, on the law and the facts, by (1) deleting from the fourth decretal paragraph the words "other than on school days", (2) deleting from the fifth decretal paragraph all the words after the word "except" and substituting therefor the words "extraordinary medical or dental expenses; and it is further", and (3) deleting from the

seventh decretal paragraph the words "and plaintiff is directed to maintain liability insurance therefor". As so modified, judgment affirmed, insofar as appealed from, without costs or disbursements. The indirect awards of car insurance premiums and ordinary medical costs are in the nature of open-ended obligations, which are improper (see 22 NYCRR 699.9 [f] [6]; see, also, *Murena v Murena,* 75 AD2d 640; *Troiano v Troiano,* 87 AD2d 588; *Wurm v Wurm,* 87 AD2d 590). These costs should have been included — and we now view them as included — in the determination of alimony and child support (see *Doris v Doris,* 81 AD2d 602). This does not preclude the defendant, however, from applying to either the Supreme Court or Family Court for payment of future extraordinary medical or dental expenses for herself or the children or for payment of the expense of extraordinary house repairs (22 NYCRR 699.9 [f] [6]; *Troiano v Troiano, supra*). The grant to defendant of the custody of the three children was not an abuse of discretion (see *Matter of Richards v Richards,* 78 AD2d 943). Nevertheless, the restriction upon plaintiff's ability to call his children during the week was not required absent a showing that such calls disrupted the household. As to the award of the use of a car, a court is empowered, pursuant to section 234 of the Domestic Relations Law, to award a party in a matrimonial action exclusive use of a car owned by the other party (see *Troiano v Troiano, supra; Goldin v Goldin,* 55 AD2d 945; *Doris v Doris, supra*). Plaintiff's other points are without merit. Lazer, J. P., Gibbons, Gulotta and Bracken, JJ., concur.