■ HRISANTHI MENEGIS, Respondent, v DEMETRIOS MENEGIS, Appellant. — In a matrimonial action, the defendant husband appeals from a judgment of the Supreme Court, Queens County (Lerner, J.), dated May 20, 1982, which, *inter alia,* granted a judgment of separation in the plaintiff wife's favor, awarded maintenance payments, directed that the rentals derived from the marital premises to be collected by plaintiff are to be utilized to pay the

mortgage, insurance, utilities and maintenance expenses on the marital premises, with the defendant to pay any deficit to plaintiff, and directed defendant to pay all of plaintiff's medical expenses. Judgment modified, by deleting those provisions requiring defendant to make maintenance payments as well as to pay all of plaintiff's medical expenses and the amount of mortgage payments, insurance, utilities and necessary maintenance on the marital premises in excess of the rents collected thereon. As so modified, judgment affirmed, without costs or disbursements, and matter remitted to the Supreme Court, Queens County, for a further hearing and a recomputation of defendant's maintenance obligation. In the interim, the payments required by the judgment under review, prior to this court's modification, shall continue to be made by the defendant. The hearing and recomputation shall be conducted with all convenient speed. Payments of the carrying charges on the marital residence as well as plaintiff's medical expenses are in the nature of open-ended obligations and should have been included in the amount set for maintenance. They were thus improperly awarded to plaintiff in the judgment (see 22 NYCRR 699.9 [f] [6]; *De Lora v De Lora,* 88 AD2d 944; *Di Mascio v Di Mascio,* 88 AD2d 966; *Troiano v Troiano,* 87 AD2d 588; *Murena v Murena,* 75 AD2d 640). While the court acknowledged that no medical testimony had been adduced regarding plaintiff's allegedly incapacitated condition, it based its conclusion that plaintiff was unable to work upon her own testimony to that effect as well as her age and appearance. The court was also strongly influenced by what it termed the "disgraceful conduct in terms of the relationship between this defendant and the Internal Revenue Service of the United States and the Social Services Department". In view of the paucity of documented proof concerning plaintiff's incapacity and defendant's financial situation, the trial court's award of maintenance in the sum of $140 per week was not sufficiently corroborated. Accordingly, the matter must be remitted to the trial court for a further hearing on the issue of maintenance (see *Matter of Frensdorff v Frensdorff,* 47 AD2d 645). We have considered defendant's other contentions and find them to be without merit. Gulotta, J. P., O'Connor, Weinstein and Rubin, JJ., concur.