■ ROBERT MAGGIO, Appellant, v DEBORAH R. MAGGIO, Respondent. — In a matrimonial action, the plaintiff husband appeals, as limited by his brief, from (1) so much of a judgment of the Supreme Court, Suffolk County (Morrison, J.), dated April 1, 1982, as, in granting the defendant wife a divorce on the ground of cruel and inhuman treatment, (a) awarded the defendant custody of the infant issue of the marriage and exclusive occupancy of the marital residence, (b) directed the plaintiff to pay child support in the amount of $25 per week and to make the mortgage and utility payments on the marital premises, and (c) granted the plaintiff the right to supervised visitation and (2) so much of a prior oral decision of the same court dated February 1, 1982, upon which the judgment dated April 1, 1982 was based. Appeal from the decision dismissed, without costs or disbursements. No appeal lies from a decision. Judgment modified, on the law and the facts, by deleting therefrom the sixth and seventh decretal paragraphs and substituting therefor provisions (1) directing the plaintiff to pay child support in the amount of $25 per week and to contribute the sum of $60 per week toward the payment of the mortgage on the marital premises, and (2) awarding the plaintiff the right to visit with his child away from the marital premises (a) from 9:00 A.M. Saturday to 9:00 P.M. Sunday on the first weekend of every month, (b) from 10:00 A.M. to 8:00 P.M. on the second Saturday of every month, (c) from 10:00 A.M. to 8:00 P.M. on the fourth Sunday of every month and on Father's Day (d) in the odd-numbered years, from 10:00 A.M. to 8:00 P.M. on the following legal holidays, to wit: Lincoln's Birthday, Memorial Day, Labor Day, Election Day and Thanksgiving Day, and in the even-numbered years, from 10:00 A.M. to 8:00 P.M. on the following legal holidays, to wit: New Year's Day, Washington's Birthday, Independence Day, Columbus Day, Veteran's Day and Christmas Day, and on the child's birthday. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. The direction that the plaintiff make the mortgage and utility payments on the marital home is in the nature of an open-ended obligation and is therefore improper under 22 NYCRR 699.9 (f) (6) (see *Troiano v Troiano,* 87 AD2d 588; *Wurm v Wurm,* 87 AD2d 590; *Murena v Murena,* 75 AD2d 640). Accordingly the judgment has been modified to indicate that portion of these open-ended expenditures which we believe should be borne by the plaintiff in

light of the relative financial parity of the parties. In addition, it is our belief that the trial court unduly restricted the plaintiff's right of visitation in light of the close relationship which has developed between himself and his son, and that an expansion of those rights as hereinabove indicated will be in the child's best interests (see, generally, *Daghir v Daghir,* 82 AD2d 191, 193-194, affd 56 NY2d 938). We have considered appellant's remaining contentions and find them to be without merit. Mollen, P. J., Lazer, Thompson and Gulotta, JJ., concur.