■ In the Matter of BILL SCHACK, Respondent, v PAMELA SCHACK, Appellant. — In a proceeding pursuant to article 6 of the Family Court Act, the mother appeals from an order of visitation of the Family Court, Queens County (Gilman, J.), dated June 21, 1983, which, *inter alia,* granted petitioner father the right to visitation with the infant issue of the marriage for two hours every Wednesday, away from the home and presence of the mother. Order affirmed, without costs or disbursements. Petitioner father, the noncustodial parent of the parties' twin two-year-old children, brought this proceeding seeking, *inter alia,* modification of an order of visitation which had granted him the right to visitation with the children for two hours every Wednesday in the mother's home. After a fact-finding hearing, the Family Court found that it was in the best interest of the children to modify the order so as to allow visitation outside the home. The mother appeals, claiming, *inter alia,* that the court erred in modifying the order because petitioner had not fully taken advantage of the visitation rights originally granted, and that visitation outside the home would be traumatic for the children. Visitation is a joint right of the noncustodial parent and of the child (*Weiss v Weiss,* 52 NY2d 170, 175). Absent extraordinary circumstances, where visitation would be detrimental to the child's well-being, a noncustodial parent has a right to reasonable access and visitation (*Strahl v Strahl,* 66 AD2d 571, affd 49 NY2d 1036). It is generally in the best interest of the child for a rapport to be established with the noncustodial parent (see, e.g., *Bayer v Bayer,* 74 AD2d 912). The modification of the order was a reasonable exercise of discretion, having a sound and substantial basis in the record (cf. *Matter of Darlene T.,* 28 NY2d 391). It is apparent that there is much anger, hostility and resentment between the parties. As a result, in the 13-month period following a prior order of visitation, visitation by petitioner in the home of the mother had been infrequent. Petitioner testified that visitation was made impossible by the mother's attitude; the mother claimed few attempts at visitation were made. Family Court credited petitioner's testimony. Where there is a conflict in the evidence, this court must accord due deference to the trial court which has seen and evaluated the evidence at first hand (see, e.g., *Matter of Gloria S. v Richard B.,* 80 AD2d 72, 76). The order as so modified will better allow for meaningful contact between petitioner and the children than did the original order of visitation. The conflict between the parties should not interfere with the development of a relationship between the noncustodial parent and the children (*Matter of De Biase v Scheinberg,* 47 AD2d 657). Petitioner did not forfeit his natural rights of access and visitation by failing to fully exercise the right to visitation granted in the prior order (*Strahl v Strahl, supra*). We have examined the mother's remaining contentions and find them to be without merit. Mangano, J. P., Gibbons, Weinstein and Brown, JJ., concur.