(September 24, 1984)

■ IRENE BELCASTRO, Respondent, v THOMAS J. BELCASTRO, Appellant. — In a matrimonial action, the defendant husband appeals, as limited by his notice of appeal and brief, from so much of a judgment of divorce of the Supreme Court, Westchester County (Marbach, J.), dated May 4, 1983, as (1) awarded plaintiff maintenance, (2) directed defendant to pay child support for the child Nicholas, (3) awarded plaintiff all the furniture, china and crystal in the marital residence, (4) directed the defendant to pay homeowner's insurance payments on the marital residence until the property is sold, and (5) awarded the plaintiff a lien upon any pension benefit of the defendant to the extent of $5,000 per year.

Judgment modified, on the law, by (1) deleting the fifth and seventh decretal paragraphs, and (2) deleting from the eighth decretal paragraph the words "and he is to pay for and keep in force proper homeowners' insurance, including fire and liability coverage". As so modified, judgment affirmed, insofar as appealed from, without costs or disbursements, and matter remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

It is clear from the facts of this case that the amounts awarded for maintenance and child support are not excessive. However, it was improper to order the defendant to pay homeowner's insurance until the marital home is sold without fixing some monetary limitation thereon. Such an order is in the nature of an open-ended obligation and thus prohibited by 22 NYCRR 699.9 (f) (6) (see *Maggio v Maggio,* 96 AD2d 579; *Troiano v Troiano,* 87 AD2d 588). Since the parties stipulated that the defendant would pay the monthly mortgage and real estate tax payments, that part of the judgment was appropriate.

In addition, we find that the trial court erred in awarding the plaintiff a $5,000 annual lien on the defendant's future pension without setting forth the basis for its determination. The court must determine the percentage of future pension payments attributable to employment during the period from the date of the marriage to the commencement of the divorce action, and then determine plaintiff's equitable share (*Majauskas v Majauskas,* 61 NY2d 481; *Damiano v Damiano,* 94 AD2d 132).

Finally, we find that the court improperly awarded to the plaintiff all of the furniture, china and crystal in the marital residence without considering the factors set forth in section 236 (part B, subd 5, par d) of the Domestic Relations Law. Rubin, J. P., Boyers, Lawrence and Eiber, JJ., concur.