■ LINDA M. KADIN, Respondent, v HARVEY KADIN, Appel-

lant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, (1) from so much of a judgment of the Supreme Court, Nassau County (Christ, J.), entered January 9, 1986, as restricted to a specified schedule his right to visitation with the parties' two children over whom the plaintiff wife was granted custody, and (2) from so much of an order of the same court, dated May 22, 1986, as denied that branch of his motion which was for modification of the visitation provisions of the judgment.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, without costs or disbursements, and that branch of the defendant's motion which was for modification of the visitation provisions of the judgment is granted to the extent that the judgment is modified by (1) deleting section (a) of the third decretal paragraph thereof, (2) adding to section (b) of the third decretal paragraph thereof, which provides for visitation on the "fourth weekend of every month" under certain prescribed conditions, after the words "provided that the defendant will allow the plaintiff daily telephone access to the children during the visitation periods" the words "except that the plaintiff shall not have telephone access to the children during the Sabbath", (3) adding to section (b) of the third decretal paragraph thereof, a provision for visitation on the second weekend of every month under the same conditions as are applicable on the fourth weekend of every month, (4) deleting from section (e) of the third decretal paragraph thereof the words "the first day of Passover, the second day of Rosh Hashanah", and substituting therefor the words "the first and second days of Passover", (5) deleting from section (f) of the third decretal paragraph thereof the words ·"the second day of Passover, the first day of Rosh Hashanah", and substituting therefor the words "the first and second days of Rosh Hashanah", and (6) deleting from section (h) of the third decretal paragraph thereof the words "one calendar week" and substituting therefor "two calendar weeks", and that branch of the motion is otherwise denied.

Ordered that the appeal from the judgment is dismissed without costs or disbursements, as academic, in light of our determination on the appeal from the order.

The trial court provided in its judgment entered January 9, 1986, that the plaintiff have custody of both of the parties' children, Aviva (born June 9, 1979) and Aryeh (born Aug. 12, 1982), and that the defendant be afforded visitation with the children away from the custodial residence during the follow-

ing periods: (1) the second weekend of every month between one hour after sundown on Saturday and Sunday evening at 6:00 P.M.; (2) the fourth weekend of every month between one hour before sundown on Friday and Sunday evening at 6:00 P.M.; (3) every Tuesday evening between 5:00 P.M. and 7:00 P.M.; (4) the defendant's birthday and Father's Day of each year; (5) in odd-numbered years, on the first day of Passover, the second day of Rosh Hashanah and Thanksgiving, (6) in even-numbered years, on the second day of Passover, the first day of Rosh Hashanah and Yom Kippur; and (7) one week during the summer recess from school. The visitation prescribed on the fourth weekend of every month was conditioned upon the defendant allowing the plaintiff daily telephone access to the children during the visitation periods. In addition, the one-week visitation provided during the children's summer recess from school was conditioned upon the particular week selected not interfering "with the children's attendance at summer camp or similar summer activity, or the ability of the plaintiff to prepare the children for their summer activity before it, or for their return to school after it".

The defendant contends that this schedule of visitation directly infringed upon his religious beliefs as an Orthodox Jew, in contravention of his rights under the 1st Amendment of the US Constitution, and that it was unduly restrictive of his right to reasonable and meaningful access to his children. There is no question that the defendant is a devout and strictly observant member of the Orthodox Jewish faith. It is also apparent that it is a violation of the tenets of Orthodox Judaism for a parent to permit his child to use the telephone during the Sabbath or to travel by automobile during the first two days of Passover and Rosh Hashanah. It is clear that in order to fully exercise his right under the visitation schedule provided by the trial court, the defendant will be forced to violate these laws of Orthodox Judaism.

In all matters of custody and visitation, the paramount concern of the trial court must be the best interests of the child, and any conflicting right of either parent must yield to that superior demand (see, Domestic Relations Law § 240; *Friederwitzer v Friederwitzer,* 55 NY2d 89, 95; *Matter of Lincoln v Lincoln,* 24 NY2d 270, 271-272). Moreover, the trial court has broad discretion in determining what visitation arrangement will most effectively promote the best interests of the child (see, *Matter of Savino v Savino,* 110 AD2d 642, 643, *lv denied* 65 NY2d 606; *Corsell v Corsell,* 101 AD2d 766, 767). In this case, the trial court concluded that when the

children visited with the defendant over a full weekend from Friday night through Sunday the best interests of the children required that the plaintiff be allowed daily telephone access to them so as to be able to check on their welfare. We disagree. Allowing such telephone communication during the Sabbath would require the defendant to violate his religious beliefs and it cannot be said that restricting telephone access during these significant hours of religious observance would adversely affect the best interests of the children.

Moreover, it seems to us that the visitation prescribed by the trial court on the first or second day of Passover and Rosh Hashanah *each* year unnecessarily interfered with the defendant's religious beliefs by requiring him to allow the children to travel by automobile on these days. This problem could have easily been avoided by modifying the schedule to allow visitation with the defendant on *both* of the first two days of Passover and Rosh Hashanah in alternative years. These is no reason to believe that such a schedule would any less well serve the best interests of the children. Under such circumstances, the trial court should have chosen this alternative provision since it would be less restrictive of the defendant's right to the free exercise of his religion *(see, Thomas v Review Bd.,* 450 US 707, 718; *Sherbert v Verner,* 374 US 398, 407). The defendant submits that independent of the interference with his right to free exercise of religion, the visitation schedule unduly restricted his right to reasonable access to his children *(see, Matter of Schack v Schack,* 98 AD2d 802; *Katz v Katz,* 97 AD2d 398). While we do not agree that the defendant is entitled to all of his requests for visitation, we believe that it would be in the best interests of the children to expand visitation to include two full weekends per month and two weeks during the children's summer recess. Accordingly, we so modify the judgment *(see, Matter of Schack v Schack, supra; Matter of Nathaniel T.,* 97 AD2d 973, 974; *Maggio v Maggio,* 96 AD2d 579, 580).

We have examined the defendant's other contentions and find them to be without merit. Thompson, J. P., Niehoff, Kunzeman and Harwood, JJ., concur.