■ Andrew M. Jones, Appellant, v Barbara Jones, Respondent.—In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Westchester County (Delaney, J.), entered February 27, 1986, which, *inter alia*, (1) granted the defendant wife a divorce on the grounds of cruel and inhuman treatment and abandonment, (2) awarded the defendant wife maintenance of $190 per week and distributed to her a percentage of the plaintiff husband's pension, (3) ordered the plaintiff husband to provide for the support of the parties' child, and (4) awarded the defendant wife's counsel $8,998.20 in fees.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by reducing the amount of counsel fees to $4,125 plus $248.20 as disbursements and by adding a provision that the plaintiff husband may, upon his retirement, apply to the Supreme Court, Westchester County, for a reduction or elimination of his maintenance obligation, depending upon his financial circumstances at that time; as so modified, the judgment is affirmed insofar as appealed from, with costs to the defendant wife, and the plaintiff's time to pay the counsel fees and $248.20 in disbursements is extended until 30 days after service upon him of a copy of this decision and order, with notice of entry.

The parties were married on August 30, 1958 and have one child, born on December 3, 1966. In the early part of 1982, the plaintiff husband moved out of the marital residence. In October 1983 he commenced this action for divorce; the defendant wife counterclaimed for divorce on the grounds of abandonment and cruel and inhuman treatment.

In 1984, the parties sold the marital residence and divided the net proceeds equally, each receiving approximately $40,000. The plaintiff husband bought a home with his paramour which was worth approximately $300,000. The defendant wife bought an apartment in Co-op City, in The Bronx.

At the trial in December 1985 and January 1986, the plaintiff husband withdrew his complaint and his reply to the

counterclaim, and upon the defendant wife's testimony, she was granted a divorce on the grounds of abandonment and cruel and inhuman treatment. The defendant wife was 50 years old at the time of trial (the plaintiff husband was 51 years old), and she had a high school diploma. Until her father's death in 1974, she was employed steadily, except for a five-year period while she was pregnant with and after the birth of her child. She then became ill after her father's death and required psychiatric treatment which continued to the time of trial, and included some hospitalization. In that 11-year period, she was unable to hold a job for more than two years, and her efforts to learn new work skills were unavailing.

At the time of the trial, the parties' daughter was attending college and the plaintiff husband had voluntarily assumed the responsibility for her tuition, room and board. We sustain the trial court's direction that he continue to do so, but, of course, it is noted that his legal obligation in that regard will terminate in December 1987.

The plaintiff husband had worked for the New York City Board of Education for about 28 years and was, at the time of trial, a school principal receiving an annual salary of approximately $58,000. The parties stipulated at trial that the value of his pension was $134,500 on the date the summons was served.

The trial court did not err in determining that the defendant wife was then unemployable. Its determination was based upon the defendant wife's testimony of her psychiatric problems, the plaintiff husband's acknowledgment of the severity of her condition and upon the court's own observations of the defendant wife at trial. Therefore, the trial court properly awarded maintenance for an unlimited time based upon its finding that the defendant wife was incapable of becoming self-supporting due to her age, lack of advanced education, her poor mental health and her spotty employment record since the onset of her psychiatric problems (cf., Hillmann v Hillmann, 109 AD2d 777). Further, the amount awarded was clearly reasonable under the circumstances.

Moreover, when the trial court distributed to the defendant wife an equitable share of the plaintiff husband's pension (see, Domestic Relations Law § 236 [B] [5] [d] [5]; [6] [a] [1]), it properly considered its award of maintenance, the long duration of the marriage and the parties' limited financial resources (see, Majauskas v Majauskas, 61 NY2d 481; cf., McDer-

*mott v McDermott,* 119 AD2d 370, *appeal dismissed* 69 NY2d 1028). We note that unlike *McDermott v McDermott (supra),* it cannot now be determined whether the plaintiff husband will retire in 1989 at age 55 or in 1999 at age 65, or at some later date. Nor can it now be determined what percentage of the pension benefits will be payable to defendant wife, nor the dollar amount thereof. However, upon the plaintiff husband's retirement, he may, if he be so advised, apply to the trial court for a modification or elimination of his maintenance obligation, depending upon his financial circumstances at that time.

The award of counsel fees was excessive. The defendant wife's attorney's affirmation and hourly records described the services he rendered, but did not demonstrate the need for the inordinate number of hours counsel claims to have devoted to representing his client. We find that a total of 62 hours was adequate and, accordingly, reduce the award of counsel fees to $4,125 ($7,750 less $3,625 paid), plus disbursements of $248.20 for a total of $4,373.20. The plaintiff husband is directed to pay that amount in full within 30 days after service of this decision and order upon him, with notice of entry.

Finally, it was not error to grant the defendant wife a divorce on the grounds of cruel and inhuman treatment and abandonment since the evidence adduced at trial adequately supported both grounds *(cf., Majauskas v Majauskas, supra).* Thompson, J. P., Bracken, Lawrence and Harwood, JJ., concur.