■ JANE E. KLOTZ, Respondent, v HOWARD S. KLOTZ, Appellant.—Order, Supreme Court, New York County (Elliott Wilk, J.), entered March 1, 1988, which granted, in part, plaintiff-respondent wife's motion and defendant-appellant husband's cross motion to reject aspects of the Special Referee's report, and awarded plaintiff wife a weekly maintenance of $350, retroactive to September 1, 1984 and terminable upon her death or remarriage, affirmed, without costs.

Pursuant to the terms of a judgment of divorce entered on October 28, 1983 (decision filed Feb. 28, 1983 [Seymour Schwartz, J.]), plaintiff was awarded maintenance in the sum of $350 per week for an 18-month period ending on August 25, 1984. A former flight attendant who was then 48 years old, plaintiff had not worked during her 14-year marriage to defendant. In prescribing the amount and duration of the maintenance award, Special Term alluded to plaintiff's "delicate nervous *state*" and expressed a belief that she would regain "emotional security" within the 18-month period. Unfortunately, this expectation was not borne out.

On March 4, 1983, less than one week after the filing of the divorce decision, plaintiff was involuntarily committed to Bellevue Hospital, having suffered a psychotic episode which included symptoms of serious paranoia and hallucinations. She was transferred to the Payne Whitney Psychiatric Clinic on March 9, 1983, and remained there until April 13, 1983. Thereafter, plaintiff continued to be treated for psychiatric problems on an out-patient basis.

In August 1984, plaintiff moved, pursuant to Domestic Relations Law § 236 (B) (9) (b), for an upward modification and continuance of maintenance. The matter was referred, on November 27, 1984, to a Special Referee to hear and report. Following six days of hearings conducted in the period from October 30, 1985 to April 10, 1986, the Special Referee issued his report one year later, on April 15, 1987.

Upon crediting the testimony of plaintiff's expert psychiatrist, Dr. Francine L. Goldstein, and finding "unpersuasive" the testimony of defendant's expert psychiatrist, Dr. Jerome Driesen, the Special Referee found that plaintiff was suffering from a "major depression disorder * * * result[ing] from the emotional devastation caused by the divorce and her overdependence on her ex-husband during the marriage". He concluded that the maintenance payments should be recommenced at the rate of $200 per week for a period of three years beginning January 1, 1987. The Special Referee further recommended that the renewed maintenance payments be discontinued in the event that plaintiff's mother died, or that plaintiff's apartment was converted to cooperative ownership.

Plaintiff moved to reject the report of the Special Referee, as having recommended an inadequate maintenance award, and defendant cross-moved to the extent that the report recommended continuance of any maintenance. Defendant appeals from Special Term's determination that plaintiff should be awarded continuous weekly maintenance in the sum of $350, retroactive to the month that maintenance payments were discontinued, September 1984. We affirm.

Domestic Relations Law § 236 (B) (9) (b) provides that an award of maintenance may be modified "upon a showing of the recipient's inability to be self-supporting or a substantial change in circumstance, including financial hardship". As noted by the IAS court, the Special Referee's finding that plaintiff is incapable of being self-supporting is firmly grounded in the record. Since the terms of the original maintenance award were predicated upon the expectation that

plaintiff would regain "emotional security" and be able to work within 18 months, a goal that was not realized, the continuation of maintenance payments is appropriate.

We further agree with the IAS court that the circumstances presented do not warrant a reduction in the amount of maintenance, which was set at the time of the divorce in 1983, and that the payments should be retroactive to September 1, 1984. *(See, Paget v Paget,* 90 AD2d 728, *appeal dismissed* 58 NY2d 1065.)* In this regard, we note, with respect to defendant's financial ability, that he is the president of Contemporary Communications Corporation, which provides the primary source of income received by his solo law practice, Howard S. Klotz, P. C. In 1985, the corporation paid the law firm an aggregate of $105,000. It also employs defendant's present wife.

Finally, we find that no durational limit for the maintenance, apart from the contingencies of plaintiff's death or remarriage, as specified by Special Term, should be imposed, since the establishment of a cure period for plaintiff's condition would necessarily be arbitrary. Moreover, defendant is free to seek, at any time, a vacatur or modification of maintenance upon the ground that plaintiff's circumstances have undergone a substantial change, including the attainment of a major economic benefit through inheritance or the sale of a cooperative apartment, or because of changes in defendant's financial condition. (Domestic Relations Law § 236 [B] [9] [b].) Concur—Kassal, Rosenberger and Wallach, JJ.

Kupferman, J. P., dissents in part in a memorandum as follows: I would confirm the report of the Referee.

The parties were married in 1968. There are no children. The plaintiff former wife is a college graduate, and before her marriage was an airline stewardess.

In the divorce judgment in 1983, pursuant to equitable distribution, the plaintiff was awarded all antiques in the possession of the parties, the martial residence, a rent-stabilized apartment, and the right to purchase in the event of cooperative conversion.

The plaintiff received maintenance of $350 a week for a period of 18 months, ending August 25, 1984. In 1983, at the time of the divorce judgment, the plaintiff was 48 years old and the defendant 42 years old. The defendant, an attorney, was an entrepreneur in the cable television industry, with an income that varied from year to year.

In limiting the maintenance award to 18 months, the court

(Seymour Schwartz, J.) indicated that the plaintiff was capable of supporting herself.

Just days before the court-awarded maintenance expired, the plaintiff moved to modify the judgment of divorce and to continue the maintenance on the basis that she was unable to be self-supporting.

Hearings were held before Special Referee Alex Colgan, who found that the plaintiff was suffering from a major depression disorder, alcoholism among other things. The Referee directed the defendant to pay plaintiff $200 a week for a period of three years, commencing January 1, 1987, unless the plaintiff's mother were to die or the plaintiff were to purchase her apartment in a cooperative conversion.

Undoubtedly, the theory of the condition was the fact that the plaintiff might inherit from her mother or achieve a bonanza in the sale of her co-op.

Plaintiff moved to disaffirm the report as to the amount and the limited period, and the defendant cross-moved to confirm that part of the report which rejected retroactivity and to reject that part imposing a new obligation.

The court granted the motion to the extent of directing the defendant to pay maintenance of $350 a week, retroactive to September 1, 1984, terminating upon plaintiff's death or remarriage, without prejudice to the defendant seeking a modification.

Inasmuch as the court's award was retroactive, some $60,000 became due immediately.

The original 1983 award not having been appealed, the issue became one of change of circumstances in that the plaintiff, as found by the Referee, was not, at the time, capable of holding employment. While there was a dispute as to this and as to whether she was malingering, one could accept the determination by the Referee. However, for the court to decide that maintenance would continue until death or remarriage (the latter highly unlikely) was an abuse of discretion and the retroactive provision a burdensome imposition.

The previous court had considered the age level, education and previous employment history of the wife. *(See, Jones v Jones,* 133 AD2d 217.) While there is no requirement that there be a durational limitation for maintenance award *(see, Kerlinger v Kerlinger,* 121 AD2d 691) we have here a modification of an award (Domestic Relations Law § 236 [B] [9] [b])

with an insufficient basis for determining that it must now go on forever.