■ ROSEANNE GUGINO-TOUFEXIS, Appellant, v GEORGE TOUFEXIS, Respondent.—Order unanimously reversed on the law with costs and matter remitted to Erie County Family Court for further proceedings, in accordance with the following memorandum: Family Court erred in dismissing the petition without conducting a hearing. In 1986, custody of the parties' two children was awarded to respondent father, and we affirmed that award. A substantial factor in the trial court's determination and in our affirmance was evidence that the father could better promote the emotional and intellectual development of the children and would promote the relationship of the children with plaintiff *(see, Gugino-Toufexis v Toufexis,* 132 AD2d 995, 996).

In 1988, petitioner commenced this proceeding for a modification of visitation, essentially seeking an expansion of visitation rights. She alleged that subsequent to the change of custody, the father refused to allow the children to see petitioner during school or to enroll in a French class taught by petitioner at the school; that he instructed school officials not to inform petitioner of school activities, including parent-teacher conferences and has forbidden petitioner from accompanying the children on school or extracurricular activities; and that the father has excluded petitioner from the children's psychological counseling program, has restricted the frequency and length of phone calls between the children and petitioner, and denied petitioner the opportunity to baby-sit for the children when his family members are not available or to stay with a child who was hospitalized. In essence, petitioner claims that since the custody determination, respondent has demonstrated that he does not wish to foster a meaningful and healthy relationship between the children and their mother and that he is using the custody order as a weapon to restrict the development of such a relationship.

We conclude that these claims are sufficient to require a hearing to determine whether the visitation provisions of the order should be modified *(see, Matter of Schack v Schack,* 98 AD2d 802). Upon remittitur, a Law Guardian should be appointed to represent the interests of the children. (Appeal

from order of Erie County Family Court, O'Donnell, J.—modification of visitation.) Present—Callahan, J. P., Denman, Green, Pine and Balio, JJ.