■ Robi Zabin, Appellant, v Steven Zabin, Respondent.—In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Westchester County (DiFede, J.H.O.), dated November 15, 1988, which, *inter alia*, (1) awarded maintenance of $2,000 per month for a period of only five years, (2) directed the plaintiff to commence participation in psychiatric and psychological rehabilitation programs consistent with the recommendations of psychiatrists, (3) directed the plaintiff to procure health insurance not more extensive or expensive than "present coverage" and directing the defendant to pay the insurance premiums therefor, (4) directed that the defendant shall not be responsible for unreimbursed medical expenses except to the extent of directing him to pay for unreimbursed expenses of not more than one psychological or psychiatric consultation of one hour's duration per week for a period of five years, and (5) issued an order of protection in the defendant husband's favor.

Ordered that the judgment is modified, on the law and the facts and as a matter of discretion, by deleting the fourth, sixth, seventh and eighth decretal paragraphs thereof; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to Supreme Court, Westchester County, for further proceedings consistent herewith, and for recomputation of the defendant's maintenance obligation. In the interim, the defendant husband shall continue to make the payments mandated by the judgment under review prior to its modification by this court.

The plaintiff and the defendant were married in 1978. They have no children. The defendant, a physician, began medical school before the marriage and thereafter completed his medical training and acquired various staff and teaching positions in the field of ophthalmology. The plaintiff, a 22-year-old college graduate at the time of the marriage, has not worked outside the home, other than for several brief periods. In 1981, she was diagnosed as suffering from a schizophrenic condition

but, both before and after the brief hospitalization when the diagnosis was made, she pursued outside interests, including the study of acting, some science courses, and volunteer work. In 1985, she and the defendant separated, and, in 1986, the plaintiff commenced this action.

The action was tried before a Judicial Hearing Officer who, *inter alia,* awarded the plaintiff maintenance for a five year period, and who also directed that the plaintiff participate in rehabilitation programs described at the trial by psychiatric witnesses. Additionally, the Judicial Hearing Officer made directives with respect to the plaintiff's health insurance and unreimbursed psychiatric therapy expenses, and issued mutual orders of protection.

The plaintiff contends here that, because of her psychiatric condition, she is unemployable and thus entitled to permanent maintenance *(but see, Coffey v Coffey,* 119 AD2d 620). It is true that unemployability due to mental illness, particularly when coupled with other factors such as age or lack of education, can justify an award of permanent maintenance *(see, Jones v Jones,* 133 AD2d 217; *Malamut v Malamut,* 133 AD2d 101; *Antis v Antis,* 108 AD2d 889). However, the record before us indicates that although plaintiff has a mental illness, she also has the intelligence, capability, and apparently the desire to function in a work environment *(cf., Klotz v Klotz,* 150 AD2d 308; *Coffey v Coffey, supra).* Therefore, although the award of maintenance must be re-examined for reasons hereinafter noted, we decline at this time to disturb the durational limitation on maintenance fixed by the Judicial Hearing Officer *(cf., Klotz v Klotz, supra; see also,* Domestic Relations Law § 236 [B] [9]).

We agree with the plaintiff that the directive that she participate in unspecified rehabilitative programs was improper. Although the apparent rationale for this directive was to motivate the plaintiff to become financially independent, and although a court may by fixation of a durational limit on maintenance simultaneously afford the recipient spouse the time necessary to become self-supporting and provide the incentive for becoming so *(see, Hillmann v Hillmann,* 109 AD2d 777), Domestic Relations Law § 236 (B) (6) does not authorize a court to, in effect, condition an award of maintenance on obtaining therapy or on achievement of a particular occupational goal *(cf.,* Domestic Relations Law § 236 [B] [6]; *see, Sperling v Sperling,* 165 AD2d 338).

We also agree with the plaintiff that the Judicial Hearing Officer improvidently concluded that, although the plaintiff

was regularly undergoing psychiatric therapy twice weekly, the defendant should be responsible for unreimbursed expenses for only one weekly session. In light of the plaintiff's current emotional and financial condition it is appropriate that some provision be made for payment of the plaintiff's medical expenses. However, we note that the imposition of an open-ended obligation is improper (see, Chirls v Chirls, 170 AD2d 641; Matter of Dapolito v Dapolito, 150 AD2d 375; Weinstein v Weinstein, 125 AD2d 301; Menegis v Menegis, 95 AD2d 825). The plaintiff's medical expenses should more properly have been considered an element of maintenance and included within the fixed monthly award.

Moreover, without benefit of evidence as to the types and cost of medical insurance available for the plaintiff, the provision of the judgment which requires that the defendant pay the premiums for health insurance which the plaintiff was directed to purchase but which was not to be "more extensive or expensive than * * * present coverage" cannot be sustained. Whether newly-purchased health insurance would be prohibitively expensive, whether the directive that newly-purchased insurance be no more expensive than "present coverage" works to preclude the plaintiff from acquiring adequate health insurance coverage, and what the amount of any unreimbursed medical expenses is likely to be, are issues which cannot be determined based upon the present record (cf., Wilson v Wilson, 101 AD2d 536; see also, Menegis v Menegis, supra). We therefore remit the matter to Supreme Court, Westchester County, for the taking of such further evidence as may be appropriate, the imposition of a new maintenance award which takes into account the plaintiff's unreimbursed medical expenses, and for proper determination of whether and to what extent the defendant should be required to provide health insurance coverage (see, Domestic Relations Law § 236 [B] [8]; Menegis v Menegis, supra; cf., Wilson v Wilson, supra, at 542).

We have considered the plaintiff's remaining contentions, including those concerning the order of protection (see, Domestic Relations Law § 252; cf., Family Ct Act § 842) entered in the defendant's favor, and find them to be either moot or without merit. Bracken, J. P., Harwood, Miller and Ritter, JJ., concur.