■ QAMRUL (CAM) RAHMAN, Respondent, v MONOARA SULTANA, Appellant. [921 NYS2d 888]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Queens County (Gartenstein, J.H.O.), entered September 27, 2010, which, upon a decision of the same court dated July 30, 2010, made after a nonjury trial, inter alia, awarded her maintenance in the sum of only $1,000 per month for a period of three years, and directed her to apply for "Social Security Income" benefits.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

" 'The amount and duration of maintenance is a matter committed to the sound discretion of the trial court and every case must be determined on its unique facts' " (*Monroe v Monroe*, 71 AD3d 647, 648 [2010], quoting *DeVries v DeVries*, 35 AD3d 794, 796 [2006]). Considering the relevant factors, including the income of the parties, the length of the marriage, the ability of the defendant to become self-supporting, and the defendant's mental health and conduct, the Supreme Court providently exercised its discretion in awarding the defendant durational maintenance in the sum of only $1,000 per month for a period of three years (*see* Domestic Relations Law § 236 [B] [6]; *Monroe v Monroe*, 71 AD3d at 648; *Schwartz v Schwartz*, 67 AD3d 989, 990 [2009]; *Stevens v Stevens*, 107 AD2d 987 [1985]).

Additionally, contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in directing her to apply for "Social Security Income" benefits, as it did not condition the award of maintenance upon her applying for these benefits (*cf. Zabin v Zabin*, 176 AD2d 262, 263 [1991]).

The defendant's remaining contentions are without merit (*see* Domestic Relations Law § 236 [B] [6]; *Steinberg v Steinberg*, 59 AD3d 702, 705 [2009]; *Shortis v Shortis*, 274 AD2d 880, 883 [2000]). Dillon, J.P., Florio, Balkin and Eng, JJ., concur.