(November 12, 1985)

■ CAROL M. ARMANDO, Respondent-Appellant, v EDWARD L. ARMANDO, Appellant-Respondent.—In a matrimonial action, the parties cross-appeal, as limited by their briefs, from stated portions of a judgment of the Supreme Court, Dutchess County (Benson, J.), entered July 18, 1984, which, *inter alia,* directed the defendant husband to pay, in addition to maintenance and child support, "all unreimbursed balances for medical and dental expenses, if any"; awarded the defendant limited visitation of only one day per week with his three children; failed to specify a termination date for defendant's maintenance payments; and failed to award the plaintiff her equitable share of the defendant's pension benefits which were earned during the course of the parties' marriage.

Judgment modified, on the law and the facts, (1) by deleting from the seventh decretal paragraph thereof everything after the words "sole expense"; (2) by adding to the sixth decretal paragraph thereof a provision limiting the maintenance payments to be made to the plaintiff wife to a period of 10 years; (3) by adding to the third decretal paragraph thereof a provision expanding defendant's visitation privileges to include one weekend per month, commencing on Friday at 7:00 P.M., and terminating on Sunday at 6:00 P.M., provided that defendant gives notice to plaintiff not less than 10 days in advance of his

exercise of this right of visitation; and (4) by adding thereto a decretal paragraph awarding plaintiff $2,524.46, representing a one-half interest in defendant's vested pension benefits acquired during the course of the parties' marriage. As so modified, judgment affirmed, insofar as appealed from, without costs or disbursements.

We do not find the maintenance and child support awards to be excessive. However, Trial Term erred in directing the defendant to pay maintenance for an unlimited period of time. Although plaintiff absented herself from the work force for a number of years in order to care for the parties' home and their children, she does have some secretarial skills and work experience. Nevertheless, in light of the fact that plaintiff may require additional training in order to refresh her skills and prepare herself for reentry into the employment market and since the plaintiff's responsibilities as custodial parent to the three children of this marriage will effectively preclude her from obtaining employment on a full-time basis for several years (see, Hillmann v Hillmann, 109 AD2d 777), we deem it appropriate to limit the duration of defendant's obligation to pay maintenance to a period of 10 years.

Defendant cannot be required to pay "all unreimbursed balances for medical and dental expenses" because such payments are in the nature of open-ended obligations, and are thus improper under 22 NYCRR 699.9 (f) (6) (see, Troiano v Troiano, 87 AD2d 588). This, of course, does not preclude plaintiff from applying to the Supreme Court or the Family Court to recover the expenses which she may hereafter incur for any extraordinary medical or dental treatment for the children (Troiano v Troiano, supra, at pp 588-589).

We further find that Trial Term erred in concluding that defendant acquired no vested pension rights while employed at Consolidated Edison, as the record clearly established that he did. Pension rights earned during a marriage and prior to the commencement of a divorce action are properly subject to equitable distribution Majauskas v Majauskas, 61 NY2d 481, 488; Glasberg v Glasberg, 104 AD2d 788). This court, in the exercise of discretion vested in it by Domestic Relations Law § 236 (B), may order distribution to one spouse of an equitable portion of that part of the present value of the other spouse's pension rights earned during the marriage (Majauskas v Majauskas, supra, at pp 493-494). Such a course of action is preferable when "the amount the non-employee spouse will receive is small and there is sufficient marital property to be awarded in lieu of a deferred interest" (Rodgers v Rodgers, 98

AD2d 386, 392) because future strife, uncertainty and enforcement problems are averted, and finality is achieved before the actual receipt of retirement benefits, which may be years in the future (Rodgers v Rodgers, supra; Damiano v Damiano, 94 AD2d 132, 139). Here, we encounter no valuation difficulties in assessing the present value of the benefits to which plaintiff is entitled, and the amount awarded does not effectively preclude the present settlement of her interest. Only four months after the institution of this action, defendant's pension interest was evaluated by his employer, and defendant elected to take a "cash out" of his vested rights in a lump-sum amount of $5,048.93. Accordingly, we find that plaintiff is entitled to 50% of defendant's pension benefits and she is hereby awarded one half of the sum received by defendant, to wit; $2,524.46.

Inasmuch as there is nothing in the record to indicate that more frequent visitation would be inimical to the children's best interests (see, Paolini v Paolini, 100 AD2d 868), we have enlarged the defendant's visitation privileges since "[t]o be meaningful * * * visitation must be frequent and regular" (Daghir v Daghir, 82 AD2d 191, 194, affd 56 NY2d 938.

Upon this record, there is an insufficient basis upon which to determine the plaintiff's request for counsel fees, as an application for a counsel fee must comply with section 699.11 of the rules of this court (22 NYCRR) with respect to the official form required to be filed. Our decision is, however, without prejudice to plaintiff applying, if she be so disposed, to Trial Term for the counsel fees which she presently requests. Mollen, P. J., Lazer, Weinstein and Rubin, JJ., concur.