■ CHARLES J. SCHEER, Appellant, v JANET M. SCHEER, Respondent.—In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief from so much of a judgment of the Supreme Court, Queens County (Miller, J., on the decision and at trial; Corrado, J., on the judgment), dated January 9, 1986, as (1) directed him to pay (a) maintenance in the sum of $2,700 per month, (b) the sum of $90 per week for the support and maintenance of the two infant children of the marriage until such time as each is emancipated, (c) high school tuition for Christine Scheer and college tuition for Dawn Scheer, and (d) the defendant wife's attorney's fees in the sum of $15,580; and (2) awarded the defendant wife one half of his interest in Prime Automotive Parts, Inc.

Ordered that the judgment is modified, on the law, the facts and the exercise of discretion, by (1) deleting from the second decretal paragraph thereof the amounts of "$2,700" and "$623.08", and substituting therefor the amount of "$1,750",

and "$403.85", and adding a provision to the second decretal paragraph thereof that the plaintiff's obligation to pay the defendant maintenance shall continue for a period of five years from the date of the judgment; (2) deleting from the fourth decretal paragraph thereof, respectively, the amounts of "$90", "$180", and "$90", and substituting therefor, respectively, the amounts of "$120", "$240", and "$120", and adding a provision to the fourth decretal paragraph thereof that the increased award of child support includes within it the infants' school tuition; (3) deleting the fifth decretal paragraph thereof; and (4) deleting the seventh decretal paragraph thereof, and substituting therefor a provision that the defendant is awarded the sum of $7,000 in attorney's fees. As so modified, the judgment is affirmed insofar as appealed from, with costs to defendant, and the matter is remitted to the Supreme Court, Queens County, for the purposes of evaluating the plaintiff's interest in Prime Automotive Parts, Inc. and to make a distribution in accordance herewith. The plaintiff's time to pay the sum awarded to the wife as and for her counsel fees is extended to 10 days after service upon him of a copy of this decision and order, with notice of entry; payment shall be made to the order of Polstein, Ferrara & Campriello, Esqs., 2 Park Avenue, New York, N. Y., 10016.

Under all the facts of this case, the award of maintenance to the defendant wife of $2,700 per month is excessive. The defendant only requested $2,000 a month in support; the court failed to take into account that she earned approximately $750 per month. Additionally, the defendant's net worth statement, which estimated her monthly expenses at $2,700, included in these expenses $250 per month for the children's tuition. The court thus essentially ordered the plaintiff to pay this amount twice, as it was included in the maintenance award and in a separate provision ordering the plaintiff to pay the tuition to the institutions directly. Under the circumstances, the sum of $1,750 per month, or $403.85 payable weekly is more appropriate, and the judgment has been modified accordingly.

Additionally, the court should have limited the maintenance award to a period of five years. The defendant is approximately 40 years old and is in good health. The parties' children are now 17 and 20 years old, and thus child care responsibilities do not limit the defendant's ability to obtain full-time work. The defendant is a high school graduate and has worked part time throughout the marriage. We are aware that the defendant has limited job skills; however, we believe

that the five-year maintenance award will provide her with sufficient opportunity to obtain additional vocational training to enable her to become self-supporting *(see, Hillmann v Hillmann,* 109 AD2d 777).

Further, the court improperly directed the plaintiff to pay the children's tuition directly to the respective institutions; such open-ended payments have been deemed improper *(see, Weinstein v Weinstein,* 125 AD2d 301; *Rogers v Rogers,* 116 AD2d 710; *Troiano v Troiano,* 87 AD2d 588). Thus, we have increased the child support award from $90 per week per child to $120 per week per child. This sum will include the children's tuition payments which should now be paid to the institutions by the defendant.

We do not disturb the court's award of one half of the husband's interest in Prime Automotive Parts, Inc., to the defendant. We are in agreement with the court that the plaintiff's failure to produce his recent tax records and the failure of his family-owned business to produce the business financial records in compliance with subpoenas entitled the court to draw an inference that these records would not support the husband's claim that he was not an owner of the business *(see, Chandler v Flynn,* 111 AD2d 300, *appeal dismissed* 67 NY2d 647; *Trotta v Koch,* 110 AD2d 631). We also note that the evidence at the trial, including the testimony regarding cash payments made to the plaintiff from the business, the plaintiff's evasive testimony in this regard, the couple's standard of living and the plaintiff's admission contained in his net worth statement that he was the vice-president of the business, supported this inference. However, the court failed to value the husband's interest in the business and we thus remit the matter for such valuation and for an appropriate distribution thereof.

Lastly, upon the record before us we conclude that while the court did not abuse its discretion in awarding counsel fees to the defendant upon her showing of an inability to pay *(see,* Domestic Relations Law § 237; *Cook v Cook,* 95 AD2d 768), the reasonable value of these services was $10,000 of which the plaintiff is ordered to pay $7,000. This sum has taken into account the sum of $3,000 already paid by the defendant. The judgment has thus been modified accordingly.

We have examined the plaintiff's remaining arguments and find them to be without merit. Brown, J. P., Niehoff, Sullivan and Harwood, JJ., concur.