■ ANNE SEELEY, Appellant, v RONALD SEELEY, Respondent. —In an action for a divorce and ancillary relief, the plaintiff wife appeals from so much of a judgment of the Supreme Court, Dutchess County (Benson, J.), dated December 19, 1986, which, upon dissolving the parties' marriage, failed to award her certain alleged marital property including proceeds received by the defendant husband in an eminent domain proceeding and awarded the defendant husband maintenance in the sum of $100 per month for a period of five years.

Ordered that the judgment is modified, in accordance with the stipulation of the parties at oral argument, by adding thereto a decretal paragraph providing that the plaintiff wife is entitled to an award of $6,000 as compensation for her interest in the proceeds received by the defendant husband in the eminent domain proceeding; as so modified, the judgment is affirmed, without costs or disbursements.

Although the evidence at trial demonstrated that the defendant husband transferred $56,727.36 in funds from joint bank accounts to accounts in his name only during the period from 1979 to 1983, the trial court refused to award the plaintiff wife any moneys based on the defendant's alleged dissipation or secretion of assets, finding that the evidence did not show that these moneys were expended for anything other than marital purposes. The plaintiff on appeal contends that this was error

and that her equitable distribution award should be increased to compensate her for her share of these funds. We disagree. The evidence at trial demonstrated that although these funds were transferred into the defendant's individual accounts, they were depleted before the ultimate demise of the parties' marriage. Furthermore, there was no evidence that these moneys were expended or secreted for the defendant's sole benefit; rather, the evidence tended to show that the plaintiff wife herself had access to and habitually used some of the defendant's individual accounts and that a good deal of these moneys were spent for marital purposes, including but not limited to extensive home improvements, educational costs, stock purchases, the purchase of two automobiles and the acquisition of antiques, furnishings and jewelry. Under such circumstances, the plaintiff was not entitled to recover any of these funds (cf., Harrell v Harrell, 120 AD2d 565; Szulgit v Szulgit, 94 AD2d 979).

The plaintiff further contends on appeal that the court erred in failing to award her a sum equal to one half of the increase in value during the parties' marriage of the defendant's home which was occupied by the parties when they were first married and was thereafter taken in an eminent domain proceeding. This home had been purchased by the defendant and his first wife in 1962 and was the defendant's separate property. Nevertheless, the plaintiff was entitled to be compensated for any increase in value of that property to which she herself contributed (see, Price v Price, 69 NY2d 8). The trial court found that both the plaintiff and the defendant had contributed financially to some $12,000 worth of home improvements on that property, and it properly concluded on this record that the plaintiff was entitled to be compensated for one half that amount, or $6,000. Despite this conclusion evidenced in the court's decision, the court, apparently as a result of an oversight, failed to so provide in its judgment. Therefore, upon the stipulation of the parties at oral argument, the judgment is modified accordingly.

Lastly, we note that given the marked discrepancy in the future earning capacities of the parties, the award of maintenance to the defendant husband was entirely proper (see, Ruvolo v Ruvolo, 133 AD2d 364). Brown, J. P., Lawrence, Weinstein and Eiber, JJ., concur.