■ CLIFTON BENNETT, Appellant, v LILLETA BENNETT, Respondent.

The plaintiff husband, as part of his motion, requested that the Supreme Court issue an order declaring, *inter alia,* that he be entitled to claim his child as a dependent for tax purposes. However, under the Tax Reform Act, the noncustodial parent may claim an exemption for the child only if the noncustodial parent attaches to his or her income tax return for the year of the exemption a written declaration from the custodial parent stating that the custodial parent will not claim the child as a dependent for the taxable year beginning in such calendar year (Internal Revenue Code [26 USC] § 152 [e]). Accordingly, we find that the Supreme Court did not err in declining to affirmatively direct that the child be declared a dependent of the plaintiff.

We further reject the plaintiff's contention with respect to the propriety of that provision in the judgment of divorce which required that he maintain a life insurance policy naming the child as sole beneficiary thereunder or under any subsequent policy issued to replace his current policy. We also see no reason to disturb the award to the defendant of the counsel fees which were incurred in connection with the instant motions (see, Walsh v Walsh, 92 AD2d 345).

However, we disagree with the Supreme Court to the extent that it awarded the defendant the sum of $2,200, representing reimbursement for payments which the wife remitted to the Montessori School as tuition for the 1983-1984 school year. According to the record, the United States Bankruptcy Court for the District of New Jersey discharged the debt to the Montessori School following the plaintiff's application for relief under Bankruptcy Code chapter 7 (see, 11 USC § 523). Accordingly, the defendant is not entitled to recover from the plaintiff any moneys remitted in connection with a debt discharged in bankruptcy (see, 11 USC § 524 [a] [2]). Thus, the order appealed from is modified to the extent indicated herein. Kunzeman, J. P., Rubin, Eiber and Sullivan, JJ., concur.