■ NABIL MEGALLY, Appellant, v CLAUDETTE MEGALLY, Respondent.—In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his notice of appeal and brief, from stated portions of a judgment of the Supreme Court, Queens County (McConnell, J. H. O.), dated February 27, 1987, which, inter alia, (1) determined that the plaintiff had interests in various assets and that those interests constituted marital property, (2) awarded the defendant wife a 50% distributive award in the marital property held by him and awarded him a 25% distributive award in the marital property held by the defendant, (3) awarded the defendant wife maintenance in the sum of $350 per week, until her death or remarriage, retroactive to the date on which the maintenance was applied for, (4) awarded the defendant wife child support in the sum of $350 per week, retroactive to the date on which the child support was applied for, (5) ordered that he pay all medical and dental expenses of the parties' child which are not covered by the defendant's insurance, (6) ordered that he pay the parties' child's private school tuition, transportation and other school expenses, (7) awarded the defendant wife counsel fees, appraiser's fees and the costs of transcripts, and (8) refused to preclude the defendant from relocating with the parties' child outside of a 10-mile radius from her present residence, and directed the defendant to give the plaintiff only 30 days' notice, should she decide to move her residence more than 50 miles from its present locale.

Ordered that the judgment is modified, on the law and the facts, by (1) reducing the award of maintenance from $350 per week to $250 per week, (2) adding a provision thereto that the payments by the plaintiff for the parties' child's private tuition, transportation, and other school expenses are not to exceed the sum of $10,000 per year, subject to the right of the defendant to apply to the court for a greater sum for such private school expenses, if appropriate, (3) deleting the provision thereof obligating the plaintiff to pay the parties' child's medical and dental expenses which are not covered by the defendant's medical insurance, and (4) deleting the provision which requires the defendant wife to give the plaintiff husband 30 days' notice of her intention to relocate with the parties' child outside of a 50-mile radius from their present residence and substituting therefor a provision requiring the defendant wife to give the plaintiff husband 90 days' notice of

her intention to relocate with the parties' child outside of a 50-mile radius from their present residence; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

On appeal, the plaintiff contests the court's classification of certain interests and property as marital property subject to equitable distribution. Insofar as the court concluded that the plaintiff had an interest in his paramour's cooperative apartment and his brother-in-law's gas station, those findings were based substantially on credibility determinations and will not, on this record, be disturbed. The determination that the plaintiff's 1980 Mercedes Benz automobile constituted marital property was proper, despite the fact that the plaintiff traded this automobile for a newer model vehicle subsequent to the commencement of this action. The court did not err in evaluating and distributing the balance in the plaintiff's business checking account separate and apart from its evaluation and distribution of the plaintiff's medical practice, as there is no indication that the parties' stipulation as to the value of the plaintiff's medical practice included the balance in this account.

The plaintiff next argues that the court erred in awarding the defendant, as her distributive award, a 50% interest in the marital property held by him and awarding him, as his distributive award, only a 25% interest in the marital property she held. In fashioning this distributive award, the court carefully considered all of the factors enumerated in Domestic Relations Law § 236 (B) (5) (d), including the discrepancy in the separate property and incomes of the parties, the duration of the marriage and the age and health of the parties, the defendant's loss of inheritance rights and the probable future financial circumstances of the parties. While the plaintiff's income and assets are likely to continue to increase substantially as his medical practice continues to grow, there is little likelihood that the defendant will obtain substantial salary increases or acquire many additional valuable assets. We further note that the court properly gave adequate weight to the indirect but vital contributions made by the defendant toward the plaintiff's career and medical practice (see, Price v Price, 69 NY2d 8).

While similar considerations justify an award of maintenance, we find that in light of the defendant's prior and continued full-time employment, and the parties' undisputably modest standard of living during the marriage, a maintenance award of $350 per week is excessive. Thus, we have decreased

the maintenance award to $250 per week. We note that contrary to the plaintiff's assertions, a prior order denying maintenance does not preclude the instant award (see, Domestic Relations Law § 236 [B] [6], [9] [b]).

Further, we find that the child support award accurately reflects the child's financial needs. The plaintiff's present income and potential for substantial increases in the future justify the direction that the plaintiff pay the child's private school tuition, transportation and other school expenses. However, we modify the order so as to provide that this expenditure is not to exceed the sum of $10,000 per year, subject to the right of the defendant to apply to the court for a greater sum for such private school expenses, if appropriate. In addition, we have deleted the payments by the plaintiff for medical and dental expenses which are not covered by the defendant's insurance. By deleting this open-ended obligation (see, Scheer v Scheer, 130 AD2d 479) and making the defendant responsible therefor, we have more equitably apportioned responsibility between the parties for the child's present needs.

We find no improvident exercise of discretion in the court's refusal to restrict the defendant from relocating with the parties' child outside of a 10-mile radius from her present residence and reject the plaintiff's contention that such a restriction is necessary to insure his adequate and meaningful visitation with the parties' child. However, the court's requirement that the defendant afford the plaintiff 30 days' notice of any intention to move more than 50 miles from her present residence has been modified so as to require 90 days' notice in order to afford the plaintiff an adequate opportunity to negotiate and/or litigate the defendant's right to so remove the child. Such a restriction adequately insures the plaintiff's continued access to the child. To at this time preclude the defendant from relocating outside of a 10-mile radius would be improper since we lack an adequate factual basis upon which to review any claim of a purported denial of visitation.

We find that in light of the financial circumstances of the parties and the particular facts of this case, the awards of counsel and appraiser's fees and the costs of transcripts are fully justified. Bracken, J. P., Kunzeman, Rubin and Spatt, JJ., concur.