■ In the Matter of CHRISTINA DAPOLITO, Respondent, v MATTHEW DAPOLITO, Appellant.—In a proceeding pursuant to Family Court Act article 4 the father appeals from so much of an order of the Family Court, Orange County (Slobod, J.), entered December 28, 1987, as denied his objection to so much of an order of the same court (Mandell, H.E.), entered September 15, 1987, as directed that "any unreimbursed medical expenses for the children are to be divided equally".

Ordered that the order is reversed insofar as appealed from, without costs and disbursements, the father's objection to that portion of the order of the Hearing Examiner which directed that "any unreimbursed medical expenses for the children are to be divided equally" is sustained, and the order of the Hearing Examiner is vacated insofar as objected to.

It was error for the court to direct the father to pay one half of his children's unreimbursed medical expenses since such payments are in the nature of improper, open-ended obligations *(see, Keehn v Keehn,* 137 AD2d 493, 496; *Armando v Armando,* 114 AD2d 875; *see also, Weinstein v Weinstein,* 125 AD2d 301). Ordinary or routine unreimbursed medical expenses should properly be considered an element of support and be included within the fixed weekly support award *(see,* Family Ct Act § 416). However, extraordinary unreimbursed expenses, such as those incurred at bar for the hospitalization and psychiatric treatment of the parties' son, cannot be awarded prospectively in unfixed amounts. Rather, the mother is required to make application to the Family Court to compel the father to pay his fair share of a specific fixed extraordinary medical expense *(Keehn v Keehn,* 137 AD2d, at 497, *supra).* Thompson, J. P., Kunzeman, Eiber, Spatt and Balletta, JJ., concur.