■ ROBYN S. WATERMAN, Respondent-Appellant, v BRUCE L. WATERMAN, Appellant-Respondent.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (Lowey, J.H.O.), entered May 20, 1988, which, *inter alia,* (1) distributed the parties' property and awarded the plaintiff wife the sum of $31,895.53 as a distributive award in lieu of distribution of the plaintiff's equitable share of four Treasury bills, certain securities, the defendant's flea market business, and moneys contained in their joint savings account at the Century Federal Savings and Loan Association, (2) awarded the plaintiff wife the sum of $120 per week as maintenance for a period of three years and directed him to maintain medical insurance for the wife during that period, (3) directed him to pay child support in the amount of $280 per week for parties' two children, and directed him to pay one half of medical, hospital and dental costs in excess of $500 incurred for the benefit of the children and not covered by insurance, (4) determined maintenance

and child support arrears, (5) directed him to deposit money into custodial accounts for the benefit of the parties' children, and (6) failed to direct the wife to permit him to claim the children as dependents pursuant to Internal Revenue Code § 152 (e) (26 USC § 152 [e]), and the plaintiff wife cross-appeals from so much of the same judgment as denied her request for an alternate schedule of visitation to permit the parties' children to participate in organized sports activities.

Ordered that the judgment is modified, on the law and the facts and as a matter of discretion, (1) by deleting from the fifth decretal paragraph thereof the provision "and the plaintiff and the defendant shall each be liable for one-half of all medical, hospital and dental costs incurred for the benefit of the children, in excess of the first $500.00, not covered by insurance", (2) by deleting from the eighteenth decretal paragraph thereof "the sum of $31,895.53", and substituting therefor "the sum of $21,686.58", based upon a finding that the wife is entitled to a 25% share in the stock appreciation of the husband's securities portfolio and his flea market business, and (3) by adding a provision thereto directing the plaintiff wife to execute the necessary tax forms to permit the husband to claim the children of the parties as dependents pursuant to Internal Revenue Code § 152 (e) (26 USC § 152 [e]); as so modified the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Upon a review of the record, we find that the court did not err in determining that the plaintiff wife was entitled to share in the stock appreciation represented by the increase in value of the defendant husband's securities portfolio which constituted separate property (see, Price v Price, 69 NY2d 8). However, we find that the percent of appreciation granted to the wife and the share of the husband's flea market business awarded to her is excessive to the extent indicated and we have modified the distributive award to reduce them accordingly (see, Maloney v Maloney, 137 AD2d 666; Morton v Morton, 130 AD2d 558).

The plaintiff wife concedes that the court erred in setting the value of the funds contained in marital joint account which were retained by her when the parties separated. Therefore, we adjust the value of the account to reflect the balance in that account when it was closed. Based on these adjustments, we find that the distributive award to the wife should be modified by reducing it to $21,686.58.

It was error for the court to direct the defendant to pay one

half of all unreimbursed medical expenses for the children in excess of the first $500, since such payments are in the nature of improper, open-ended obligations *(see, Matter of Dapolito v Dapolito,* 150 AD2d 375; *Megally v Megally,* 142 AD2d 721; *Keehn v Keehn,* 137 AD2d 493; *Armando v Armando,* 114 AD2d 875). This determination does not preclude the plaintiff from applying to the Supreme Court or the Family Court for any unreimbursed medical expenses for the children of the marriage *(see, Matter of Dapolito v Dapolito, supra; Armando v Armando, supra; Troiano v Troiano,* 87 AD2d 588).

The plaintiff wife concedes that the defendant may take income tax exemptions for the parties' children. Accordingly, we direct her to execute the necessary tax forms required under the Internal Revenue Code *(see, Bennett v Bennett,* 140 AD2d 400; *see also,* 26 USC § 152 [e]).

The defendant's remaining contentions are without merit.

Finally, we reject the wife's contention in her cross appeal. The trial court properly determined that the best interests of the children are served by regular fixed and uninterrupted visitation with the defendant. Mangano, P. J., Kunzeman, Kooper and Eiber, JJ., concur.