■ KAREN LEVINE, Respondent-Appellant, v NEIL LEVINE, Appellant-Respondent.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from (1) stated portions of a judgment of the Supreme Court, Queens County (Zelman, J.), dated June 22, 1988, which, *inter alia,* awarded the plaintiff wife custody of the parties' two children, and directed him to pay maintenance to the wife in the sum of $75 per week, and child support in the sum of $100 per child per week, (2) stated portions of a resettled judgment of the same court, dated November 2, 1988, which, *inter alia,* directed him to pay certain of the wife's rent-related expenses and the cost of all medical, dental, hospitalization, and psychiatric expenses incurred by the parties' children which are not covered by his insurance, and (3) an order of the same court, dated November 23, 1988, which granted the wife's application for appellate counsel fees to the extent of awarding her $750. The plaintiff wife cross-appeals from so much of the judgment dated June 22, 1988, and the resettled judgment, dated November 2, 1988, as limited the awards of maintenance and child support, and denied her application for equitable distribution.

Ordered that the appeal and the cross appeal from the judgment dated June 22, 1988, are dismissed, without costs or disbursements, as that judgment was superseded by the resettled judgment dated November 2, 1988; and it is further,

Ordered that the resettled judgment dated November 2, 1988, is modified, on the law and as a matter of discretion, (1) by deleting the second, third, fourth, fifth and sixth decretal paragraphs thereof in their entirety, and (2) by deleting the following words from the seventh decretal paragraph thereof: "and said defendant is directed to pay the cost of all medical, dental, hospitalization, and psychiatric expenses for the minor children herein not covered by insurance and excluded as a deductible from said insurance"; as so modified, the resettled judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remit-

ted to the Supreme Court, Queens County, for further proceedings in accordance herewith; and it is further,

Ordered that in the interim the second, third, fourth, fifth and sixth decretal paragraphs of the judgment dated November 2, 1988, shall remain in full force and effect, with the exception of the provision in the sixth decretal paragraph directing the husband to pay "the cost of air conditioning and garage"; and it is further,

Ordered that the order dated November 23, 1988, is affirmed, without costs or disbursements.

The husband contends that the Supreme Court erred in determining the matter of custody without first conducting a full hearing on this matter. We agree. The custody issue was never developed at trial. The court stated its intention to acquire and consult forensic reports as a foundation for its custody and visitation determination, but then failed to do so. It then awarded custody to the wife, giving no explanation for doing so. The record does not reflect any grounds for this ruling, and the court gave none. Accordingly, the custody determination lacks a sound and substantial basis, and we reverse it and remit the matter for a de novo determination.

The court also erred in failing to set an expiration date in regard to the husband's obligation to provide the wife with maintenance and to pay for her rent expenses. Although an award of unlimited duration may be warranted where, for example, the payee spouse's health prevents her from being gainfully employed (cf., Foy v Foy, 121 AD2d 501), such is not the case here. Indeed, the wife, who was 40 years old at the time of the trial, described her health as "good" and testified that she expected to be able to enter the job market in approximately two years' time. Moreover, the court failed to specify the statutory factors that it considered in making its determination with respect to maintenance and rent expenses (see, Brundage v Brundage, 100 AD2d 887).

We also note that the court improperly granted the wife's motion to resettle the original judgment of divorce by adding open-ended provisions directing the husband to pay certain "rent-related expenses", e.g., garage and air conditioning fees, not referred to in the initial judgment, as well as the cost of all medical, dental, hospitalization and psychiatric expenses incurred by the minor children which were not covered by his insurance and excluded as a deductible from the insurance (see, Waterman v Waterman, 160 AD2d 865; Matter of Dapolito v Dapolito, 150 AD2d 375; Scheer v Scheer, 130 AD2d 479).

We additionally find that the court properly exercised its discretion pursuant to Domestic Relations Law § 237 in awarding appellate counsel fees to the wife.

Finally, in view of the facts that the marital assets were depleted before the wife commenced the instant action for divorce and that there was no evidence that the husband ever secreted the assets from the wife, the court properly denied the wife equitable distribution in the form of a money judgment against the husband (see, Seeley v Seeley, 135 AD2d 703). Kunzeman, J. P., Eiber, Sullivan and Rosenblatt, JJ., concur.