■ RANDY CHIRLS, Respondent-Appellant, v RICHARD CHIRLS, Appellant-Respondent.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (McCabe, J.), entered May 5, 1989, as (1) distributed the parties' marital property, (2) directed the husband to pay for all unreimbursed medical expenses of the parties' children, (3) awarded counsel fees, and (4) directed the husband to pay certain outstanding bills of the plaintiff wife pursuant to a prior pendente lite order of the same court dated March 6, 1986, and the plaintiff wife cross-appeals, as limited by her brief, from so much of the same judgment as (1) limited her maintenance to $200 per week for three years, and $100 per week for the next three years, (2) distributed the parties' marital property, and (3) granted her an increased interest in the marital residence to satisfy distributions to her of her share in other marital property.

Ordered that the judgment is modified, on the law and the facts and as a matter of discretion, by (1) deleting subdivisions two and three of the fourth decretal paragraph thereof, and substituting therefor a provision stating that each party shall retain his or her Individual Retirement Accounts and awarding the wife $22,727, to be satisfied by issuance of a Qualified Domestic Relations Order against the husband's pension plans only, (2) deleting the eleventh decretal paragraph thereof which directed the husband to pay for any unreimbursed medical expenses of the parties' children, (3) deleting the twentieth decretal paragraph thereof which directed the husband to pay certain unpaid bills of the plaintiff, (4) deleting the eighth paragraph thereof, and substituting therefor a provision making a distributive award to the plaintiff of $54,380, payable in monthly installments over three years, with interest at the rate of 9% per annum to run from the date of the judgment, and (5) increasing the plaintiff's maintenance award to $200 per week for a period of six years; as so modified the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate amended judgment.

The parties were married on August 24, 1974, after the husband had completed his first year of law school and after the wife completed her junior year as an undergraduate. The marriage produced two children, Brian, born on February 17, 1978, and Scott, born on October 11, 1980. The husband earned his law degree in 1976 and went on to become a successful attorney in the highly specialized field of municipal finance, eventually earning income in the low six figures. In January 1985 the husband became a partner in the firm of Orrick, Herrington & Sutcliffe. The wife earned her degree in sociology in January 1976 and after a short period of sporadic employment, she remained at home and was the primary caretaker of the parties' two children and had primary responsibility for the parties' domestic chores. The wife is currently employed as a part-time exercise instructor earning approximately $180 per week. By stipulation, the wife was granted custody of the two children.

During the course of the trial, the parties made several open court stipulations covering the value of the parties' martial residence, and the value of the parties' retirement accounts. One of the parties' stipulations was that any adjustment in the parties' retirement accounts for equitable distribution purposes would be satisfied by the wife obtaining a Qualified Domestic Relations Order against the husband's pension plans only, each party retaining their Individual Retirement Accounts. The court clearly violated this provision by granting the wife an increased percentage interest in the marital residence to cover the difference in value of the parties' Individual Retirement Accounts. Courts favor open court stipulations and, absent a showing that a stipulation was the product of fraud, overreaching, mistake or duress, it should not be disturbed by the court (see, Amestoy v Amestoy, 151 AD2d 709; Golfinopoulos v Golfinopoulos, 144 AD2d 537; Richardson v Richardson, 142 AD2d 563; Bossom v Bossom, 141 AD2d 794).

It was also error for the court to require the husband to pay for any unreimbursed medical expenses of the parties' children. Such payments are in the nature of improper, open-ended obligations. Ordinary or routine unreimbursed medical expenses should be considered as included in the award of child support (see, Family Ct Act § 416), and extraordinary unreimbursed expenses cannot be awarded prospectively in unfixed amounts. Rather the mother should make an application at the appropriate time (see, Matter of Dapolito v Dapolito, 150 AD2d 375; Keehn v Keehn, 137 AD2d 493).

The court also erred in requiring the husband to pay certain unpaid bills of the wife allegedly pursuant to a pendente lite order dated March 6, 1986. It is questionable whether many of these bills were covered by the pendente lite order. The plaintiff failed to establish that those charges were in fact incurred or that the defendant was obligated to reimburse her for them.

We find that the court's equitable distribution of the parties' personal and real property was proper. Nor do we find any problem with the court's method and calculation of the husband's interest in his law partnership (see, Nehorayoff v Nehorayoff, 108 Misc 2d 311). However, we do disagree with the court's method of distribution. Instead of making a distributive award, the court granted the wife an additional percentage in the marital residence. Since the marital residence is not to be sold until the parties' children both reach the age of 21 years or sooner become emancipated, she may not realize her award for a substantial number of years. In general, courts should avoid methods of distribution which relegate one spouse to a relatively long and uncertain wait for the enjoyment of a distributive award (see, Tanner v Tanner, 107 AD2d 980). Since it appears that the husband may lack sufficient funds to make payment of the entire award in a lump sum, we direct that the award be distributed in monthly installments over a period of three years with interest at the rate of 9% per annum from the date of the judgment.

We also find that the court's award of maintenance of $200 per week for three years and $100 per week for the following three years, terminating thereafter, was inadequate. While the wife is a college graduate, she sacrificed potential career opportunities in order to raise the parties' children and take care of the home. It may take some time for the wife to seek retraining or additional education in order for her to obtain more lucrative employment (see, Armando v Armando, 114 AD2d 875). Additionally, the children are still at an age where they need substantial supervision and care.

Finally, we find that the court did not improvidently exercise its discretion in awarding the wife attorneys' fees and expenses (see, Domestic Relations Law § 237; DeCabrera v Cabrera-Rosete, 70 NY2d 879; Basile v Basile, 122 AD2d 759; Ritz v Ritz, 103 AD2d 802). Thompson, J. P., Brown, Sullivan and Miller, JJ., concur.