■ In the Matter of VALERIE WARE, Respondent, v KIM WARE, Appellant. [598 NYS2d 532] —In two proceedings pursuant to Family Court Act article 4 to enforce certain provisions of a judgment of divorce, the appeal is from (1) an order of the Family Court, Suffolk County (Decker, J.), dated January 28, 1991, which denied the husband's objections to so much of an order of the same court (Silverman, H.E.), entered November 14, 1990, as denied the appellant's motion to dismiss the petition, but dismissed the petition on grounds other than those asserted in the appellant's motion, and (2) an order of the same court (McNulty, J.), entered May 11, 1992, which denied his objections to an order of the same court (Silverman, H.E.), dated February 5, 1992, which awarded the petitioner $1,879.92, constituting unpaid child support plus costs and disbursements, and $2,300 in counsel fees pursuant to Family Court Act § 438 (b).

Ordered that the appeal from the order dated January 28, 1991, is dismissed, without costs or disbursements; and it is further,

Ordered that the order entered May 11, 1992, is modified, on the law, by sustaining the appellant's objection to the award of $2,300 in counsel fees, and deleting that award from the order dated February 5, 1992; as so modified, the order is affirmed, without costs or disbursements.

In contemplation of their divorce, the parties entered into a mediated settlement agreement wherein the father agreed to

make total child support payments of $62.50 per week for the parties' two children. He further agreed to pay those medical expenses of the children which were not covered by insurance and to pay a specified share of the expenses for their clothing and extracurricular activities. These obligations were expressly set forth in the parties' subsequent judgment of divorce.

The mother thereafter commenced a proceeding for an upward modification of the father's weekly child support payments. The proceeding culminated in an order increasing those payments to $200 per week.

The mother then commenced the first of these two enforcement proceedings, claiming that the father had failed to contribute toward the children's medical, clothing and extracurricular expenses since the granting of the upward modification. The father opposed the petition on the ground that the upward modification order had superseded all of his child support obligations as originally set forth in the separation agreement. The Family Court found the father's contention unpersuasive, but nevertheless dismissed the mother's petition based on inadequate supporting documentation. The father has appealed from this order.

Consequently, the mother commenced the second enforcement proceeding and further sought an award of counsel fees. After a hearing, the court awarded $1,879.92 to the mother for the aforementioned expenses and $2,300 to the mother's attorney.

The father's appeal from the order dismissing the first proceeding must be dismissed, inasmuch as the father is not aggrieved by it. Indeed, while the court expressed its disagreement with the merits of his position, the father nevertheless prevailed because the court dismissed the mother's petition on other grounds (see, CPLR 5511; *Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539).

Turning to the second proceeding, we find unpersuasive the father's claim that the Family Court erred in requiring him to comply with the open-ended obligations contained in the divorce judgment. While we have consistently found so-called open-ended obligations improper when imposed by the courts on parties (see, e.g., *Chirls v Chirls,* 170 AD2d 641; *Matter of Dapolito v Dapolito,* 150 AD2d 375; *Armando v Armando,* 114 AD2d 875), the obligations enforced herein were agreed to by the parties and placed in the separation agreement with their consent prior to being included in the divorce judgment.

Hence, given his prior agreement to those obligations, the father's present challenge to them as being open-ended is not well founded. Additionally, we discern no error in the Family Court's determination that the upward modification of the father's fixed weekly support payments did not excuse him from his obligations to contribute to the children's medical, clothing, and extracurricular expenses.

However, we find that the award of counsel fees under Family Court Act § 438 (b) in this case was inappropriate, inasmuch as the record does not support the conclusion that the father's noncompliance was willful (see, Family Ct Act § 438 [b]; § 454 [3]). Indeed, it is undisputed that the father has continued to make the fixed weekly child support payments at all times, and it appears that he only failed to meet his additional obligations based on his sincere belief that they had been superseded by the upward modification order. Bracken, J. P., Sullivan, Balletta and Copertino, JJ., concur.