■ Louise J. Gulotta, Respondent, v Frank A. Gulotta, Appellant. [627 NYS2d 428] —In an action for a divorce and ancillary relief, the defendant-former husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Yachnin, J.), entered September 8, 1993, as awarded the plaintiff-former wife (1) one-half of his pension fund at NYNEX pursuant to a Qualified Domestic Relations Order, (2) non-durational maintenance in the sum of $150 per week, (3) reimbursement of one-half of her unreimbursed medical expenses, and (4) counsel fees of $3000.

Ordered that the judgment is modified by deleting the 22nd decretal paragraph thereof, which awarded the wife one-half

of her unreimbursed medical expenses; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The judgment of divorce improperly ordered the husband to pay one-half of the wife's future unreimbursed medical expenses. Such payments are in the nature of open-ended obligations which this Court has consistently disfavored *(see, e.g., Matter of Ware v Ware,* 193 AD2d 684, 685; *Chirls v Chirls,* 170 AD2d 641, 642; *Matter of Dapolito v Dapolito,* 150 AD2d 375; *Armando v Armando,* 114 AD2d 875, 876). Ordinary or routine unreimbursed medical expenses should be considered as included in a maintenance award, and extraordinary unreimbursed medical expenses cannot be awarded prospectively in unfixed amounts *(see, e.g., Chirls v Chirls, supra; Matter of Dapolito v Dapolito, supra).*

Those recent cases in which we have approved of an open-ended obligation for unreimbursed medical expenses are distinguishable since they involved child support and were based upon amendments to the statutory provisions concerning child support *(see,* Family Ct Act § 413 [1] [c] [5]; Domestic Relations Law § 240 [1-b] [c] [5]; *Saasto v Saasto,* 211 AD2d 708; *Aiken v Aiken,* 206 AD2d 399; *Cassano v Cassano,* 203 AD2d 563). This, of course, does not preclude the wife from applying to the Supreme Court or the Family Court at an appropriate time in the future to compel the husband's assistance in paying for any extraordinary medical expenses she may incur.

The amount and duration of maintenance is a matter committed to the sound discretion of the trial court *(see, e.g., Feldman v Feldman,* 194 AD2d 207, 217-218; *Wilner v Wilner,* 192 AD2d 524, 525-526; *Loeb v Loeb,* 186 AD2d 174). The court did not improvidently exercise its discretion in awarding the wife non-durational maintenance of $150 per week, since it considered the financial circumstances of both parties and the wife's permanent non-employable status in reaching its determination. Domestic Relations Law § 236 (B) (6) expressly provides for non-durational maintenance in cases where, as here, the wife is suffering from a debilitating disease and will be incapable of seeking employment in the future *(see also, Sperling v Sperling,* 165 AD2d 338, 342). The husband's argument that the award would be burdensome once he retires is premature at this point and is best left to the husband's making of an application at the appropriate time, if he be so advised, so that the then-existing financial circumstances of the parties can be weighed by the court.

The husband's claim that the judgment of divorce improp-

erly divided his pension monies with the wife pursuant to a Qualified Domestic Relations Order (hereinafter QUADRO) is without merit. The husband voluntarily entered into a stipulation in open court with full knowledge that it contained a provision for the equal division of the pension monies pursuant to the QUADRO. The stipulation was subsequently incorporated into and survived the judgment of divorce. Since the parties themselves, not the court, devised the division of the pension monies, the husband cannot now be heard to complain.

Finally, under the circumstances of this case, the court did not improvidently exercise its discretion in awarding the wife counsel fees of $3000 (see, Domestic Relations Law § 237 [a]; DeCabrera v Cabrera-Rosete, 70 NY2d 879; Raboy v Raboy, 138 AD2d 585, 586; see also, Weber v Weber, 156 AD2d 189). Balletta, J. P., Ritter, Altman and Goldstein, JJ., concur.