■ In the Matter of BRYNN UU., Respondent, v ERIN I., Appellant. [632 NYS2d 305] —Crew III, J. Appeal from an order of the Family Court of Clinton County (Lewis, J.), entered February 24, 1995, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, to modify a prior visitation order.

By order entered August 21, 1991, Family Court found that petitioner had sexually abused and neglected his two minor children and awarded sole legal and physical custody to respondent. Petitioner was granted, inter alia, limited supervised visitation. The order further provided that petitioner could not apply for expansion of the then-existing visitation schedule absent written proof that he had participated in "an evaluation and recommended treatment, if any, by a therapist specializing in the diagnosis and treatment of persons who are [engaging] or may have engaged in sexual abuse or incestuous activities". Family Court's order was subsequently affirmed by this Court (see, Matter of Brandon UU., 193 AD2d 835).

In June 1993, the parties filed violation petitions against each other and, on or about November 23, 1993, petitioner filed an amended petition seeking to modify the 1991 order by expanding the visitation schedule and eliminating the supervision requirement. The amended petition was based upon a material change in circumstances—namely, that petitioner had undergone an evaluation by a qualified therapist as required by the 1991 order and that no treatment was recommended. The parties ultimately agreed to withdraw their respective

violation petitions, and Family Court conducted a hearing with respect to petitioner's request to modify visitation. Following the hearing, Family Court directed that the children spend one month each summer, as well as alternating Christmas and Thanksgiving vacation periods, with petitioner, and permitted such visitations to be supervised by petitioner's female companion provided she and petitioner continued to reside together. This appeal by respondent followed.

We affirm. It is well settled that an order fixing visitation will be modified only upon a showing of a material change in circumstances (*see, Matter of Brocher v Brocher*, 213 AD2d 544, *lv denied* 86 NY2d 701; *Matter of Katz v Evans*, 199 AD2d 940, 941). Based upon our review of the record as a whole, we cannot say that Family Court abused its discretion in determining that such a change had occurred here. Petitioner complied with the terms of Family Court's 1991 order by undergoing an evaluation by a qualified psychiatrist, Henry Payson, who testified that he found no indication of any mental illness in petitioner that would either require treatment or pose a risk to petitioner's children and, further, that he found no evidence that petitioner was likely to turn to his children for sexual gratification. In short Payson, who was aware of Family Court's prior findings of abuse and neglect, testified that he found no medical basis for treatment or counseling. Although respondent's expert disagreed with Payson's methodology and conclusions, Family Court's decision to credit Payson's testimony was well within its discretion and its determination is supported by the record as a whole (*see generally, Matter of Nelson v Nelson*, 194 AD2d 828, 830).

As for respondent's assertion that permitting petitioner's live-in female companion to supervise visitations between petitioner and his children is tantamount to no supervision at all, we note that petitioner's companion, whom the Law Guardian deemed to be a suitable supervisor for such visits, is a teacher and, as such, is a mandated reporter of abuse and maltreatment (*see*, Social Services Law § 413 [1]). Respondent's remaining contentions, including her assertion that Family Court's decision to grant petitioner expanded visitation essentially ignores its prior findings of abuse and neglect, have been examined and found to be lacking in merit.

Cardona, P. J., Mercure, Casey and Spain, JJ., concur. Ordered that the order is affirmed, without costs.