■ In the Matter of LINDA COOK, Respondent, v SCOTT RABINOWITZ, Appellant. [774 NYS2d 713]—

In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Trainor, J.), entered February 4, 2002, which (a) granted the mother's petition for sole custody of the parties' three minor children, (b) denied his cross petition for sole custody of the children, (c) awarded him limited visitation, (d) declined to enforce a purported oral agreement with the mother to raise their three minor children in the Jewish faith, and (e) directed him to attend counseling as a component of visitation.

Ordered that the order is affirmed, without costs or disbursements.

There is a sound and substantial basis in the record for the Family Court's determination that the children's best interests would be served by awarding sole custody to the mother, and granting the father supervised visitation in accordance with the schedule articulated in the order (*see Matter of Bryant v Nazario,* 306 AD2d 529 [2003]). The Family Court providently exercised its discretion in making counseling a component of the father's visitation without first ordering a psychiatric evaluation (*see Matter of Yetter v Jones,* 272 AD2d 654, 656-657 [2000]; *Matter of Peters v Peters,* 260 AD2d 952, 953 [1999]). Furthermore, the court did not err in declining to enforce a purported oral agreement between the unmarried parties that the children would be

raised in the Jewish faith (*see Jabri v Jabri,* 193 AD2d 782 [1993]; *Stevenot v Stevenot,* 133 AD2d 820 [1987]).

The father's remaining contentions are without merit. Santucci, J.P., Florio, Schmidt and Townes, JJ., concur.