HECTOR CATALAN, Respondent, v SARAH CATALAN, Appellant. [774 NYS2d 412]—

In an action for a separation in which the defendant counterclaimed for a divorce, the defendant appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Suffolk County (Bivona, J.), dated January 13, 2003, as, after a hearing, modified a prior visitation order of the Family Court, Suffolk County, dated April 30, 1998, by awarding the plaintiff unsupervised visitation with the parties' child and directing her to attend counseling with a family therapist for the purpose of completing a parenting skills program.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Contrary to the defendant's contention, the determination to modify visitation, from supervised to unsupervised, on the ground that the plaintiff made a sufficient showing of a material change in circumstances, has a sound and substantial basis in the record, and promotes the best interests of the child (see Matter of Fish v Manning, 300 AD2d 932 [2002]; Matter of Brynn UU. v Erin I., 220 AD2d 830 [1995]).

In visitation matters, it is appropriate for a court to order the parties to undergo counseling under the court's direction and supervision in connection with a program of visitation (*see e.g. Resnick v Zoldan,* 134 AD2d 246 [1987]). The defendant's contention that the record does not support the directive that she attend counseling with a family therapist for the purpose of completing a parenting skills program is without merit.

Also, contrary to the defendant's contention, the Supreme Court providently exercised its discretion in declining to conduct an in-camera interview of the parties' child (*see Matter of Lincoln v Lincoln,* 24 NY2d 270 [1969]; *Smith v Finger,* 187 AD2d 711 [1992]).

The defendant claims that the Supreme Court improperly delegated its authority to the Law Guardian (*cf. Matter of Hennelly v Viger,* 194 AD2d 791 [1993]). Although the Supreme Court stated at the end of the hearing that it was going to "adopt" the Law Guardian's recommendation to modify the prior visitation order, contrary to the defendant's contention, the Supreme Court's detailed findings of fact clearly show that it did not abdicate its authority to determine the best interests of the child. Rather, the Law Guardian's recommendation was properly considered as one of many factors in this case (*see Young v Young,* 212 AD2d 114 [1995]). Krausman, J.P., Adams, Cozier and Rivera, JJ., concur.