■ Maria Dolores Domino, Respondent, v Geronimo Domino, Appellant. Howard Dean, Nonparty Appellant. [982 NYS2d 548]—

In an action for a divorce and ancillary relief, the defendant and nonparty Howard Dean appeal, as limited by their brief, from stated portions of an amended judgment of the Supreme Court, Westchester County (Tolbert, J.), dated July 22, 2010, which, upon a decision of the same court entered September 12, 2008, made after a nonjury trial, inter alia, directed that the plaintiff was entitled to an equitable one-half interest in the net proceeds of the sale of certain real property located in Yonkers, New York, awarded the plaintiff the sum of $498,666.33, representing her equitable 50% share of $1,152,414.66 in marital property, or $576,207.33, less a payment received in the amount of $77,541, and directed that the nonparty Howard Dean was to pay the nonparty Bradley H. Andrews, as attorney for the plaintiff, the sum of $51,376, representing an amount the nonparty Howard Dean held in escrow, to satisfy part of the plaintiff's equitable distribution award.

Ordered that the amended judgment is modified, on the facts and in the exercise of discretion, by deleting the provision thereof awarding the plaintiff the sum of $498,666.33, representing her equitable 50% share of $1,152,414.66 in marital property, or $576,207.33, less a payment received in the amount of $77,541, and substituting therefor a provision awarding the plaintiff the sum of $431,633.58, representing her equitable 50% share of $1,018,349.16 in marital property, or $509,174.58,

less a payment received in the amount of $77,541; as so modified, the amended judgment is affirmed insofar as appealed from, with costs to the plaintiff.

There is no merit to the defendant's contention that the trial court, in determining the plaintiff's equitable share of the marital property, improperly distributed the value of an ambulette business and certain real property. The ambulette business and the real property constituted property acquired by the spouses during the marriage and before the commencement of this action and, thus, these assets were marital property (*see* Domestic Relations Law § 236 [B] [1] [c]). The Supreme Court properly considered the value of these assets in determining the plaintiff's equitable share of marital property, notwithstanding the fact that the defendant was able to transfer title to these assets to a third party, the parties' son, during the pendency of this action (*accord Megally v Megally*, 142 AD2d 721, 722 [1988]; *see also Willis v Willis*, 107 AD2d 867, 868 [1985]; 48A NY Jur 2d, Domestic Relations § 2609).

"Once property is classified as marital or separate, the trial court has broad discretion to select an appropriate date for measuring the value of [the] property" (*Mesholam v Mesholam*, 11 NY3d 24, 28 [2008] [internal quotation marks omitted]; *see Cusumano v Cusumano*, 96 AD3d 988, 988-989 [2012]). In light of the substantial lapse of time between the commencement of this action in 2003, and the nonjury trial in 2007, the Supreme Court providently exercised its discretion in valuing both the ambulette business and the real property as of the date of trial (*see generally Wegman v Wegman*, 123 AD2d 220, 235 [1986]).

However, in reaching its determination that the value of the parties' marital property was $1,152,414.66, the Supreme Court should not have included, as an independent marital asset, the value of the accounts receivable to the ambulette business. This sum of $134,065.50 was already included in the valuation of the ambulette business as a whole (*see Kaplan v Kaplan*, 51 AD3d 635, 637 [2008]). Accordingly, the Supreme Court should have concluded that the value of the parties' marital property was $1,018,349.16.

The remaining contentions of the defendant and the nonparty Howard Dean are without merit. Skelos, J.P., Dickerson, Leventhal and Miller, JJ., concur.