◼ In the Matter of ALEXANDRA MARIE STEBELSKY, Appellant, v RANDY BRYAN SCHLEGER, Respondent. (Proceeding No. 1.) In the Matter of RANDY BRYAN SCHLEGER, Respondent, v ALEXANDRA MARIE STEBELSKY, Appellant. (Proceeding No. 2.) [22 NYS3d 884]—Appeal from an order of the Family Court, Nassau County (Elaine Jackson Stack, J.H.O.), dated February 27, 2014. The order, insofar as appealed from, after a hearing, directed the mother to place the subject child in therapy with a child psychiatrist and failed to direct the father to pay a pro rata share of the cost of the therapy.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In these related custody and visitation proceedings, the Family Court, after a hearing, granted that branch of the mother's petition which was to suspend the father's visitation with the subject child. The court also directed the mother to place the child in intensive and consistent therapy with a child psychiatrist, with the goal of repairing the relationship between the father and the child so that visitation could resume in the future. The mother appeals.

The Family Court properly directed the mother to place the

child in intensive and consistent therapy with a child psychiatrist, with the goal of repairing the relationship between the father and the child so that visitation could resume in the future (*see Matter of Thompson v Yu-Thompson*, 41 AD3d 487, 488-489 [2007]; *Catalan v Catalan*, 6 AD3d 482 [2004]; *Ramshaw v Ramshaw*, 186 AD2d 243, 244 [1992]; *Resnick v Zoldan*, 134 AD2d 246, 248 [1987]; *see also Matter of Cook v Rabinowitz*, 5 AD3d 594, 594 [2004]). The record reveals that the therapy in which the mother had placed the child was neither consistent nor effective.

The mother's contention that the Family Court should have directed the father to pay a pro rata share of the cost of the therapy, raised for the first time on appeal, is not properly before this Court on this appeal (*see* Family Ct Act § 416; *Waterman v Waterman*, 160 AD2d 865 [1990]; *Matter of Dapolito v Dapolito*, 150 AD2d 375, 375 [1989]). Mastro, J.P., Leventhal, Cohen and LaSalle, JJ., concur.