Mascia v Mascia (2018 NY Slip Op 03523)





Mascia v Mascia


2018 NY Slip Op 03523


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2016-00252
 (Index No. 16644/12)

[*1]Susan Ann Mascia, respondent, 
v
Richard Kevin Mascia, appellant.


Mark A. Peterson, Smithtown, NY, for appellant.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an amended judgment of the Supreme Court, Suffolk County (David T. Reilly, J.), dated July 14, 2015. The amended judgment modified stated portions of the third and fourth decretal paragraphs of a judgment of divorce of the same court dated February 11, 2015.
ORDERED that the amended judgment is modified, on the law, by deleting the second decretal paragraph thereof; as so modified, the amended judgment is affirmed, without costs or disbursements.
The parties were married on September 24, 1998. The plaintiff commenced this action for a divorce and ancillary relief on May 30, 2012, seeking, inter alia, 50% of the total account balances of all of the defendant's retirement assets. The defendant, who is a New York City firefighter, agreed to an equal division of his retirement assets. Pursuant to a preliminary conference stipulation and order, the retirement assets were to be valued by an expert using the date of the commencement of the action, May 30, 2012, as the date of valuation. At the trial, however, the plaintiff, who proceeded pro se, asked the Supreme Court to consider changing the valuation date of the retirement assets to the date of trial, in light of the nearly 29-month period between the commencement of the action and the trial (cf. Domino v Domino, 115 AD3d 906). The court agreed to consider the plaintiff's request and indicated that it would make its determination in its forthcoming decision.
After trial, the Supreme Court issued a decision dated December 17, 2014, in which it found, inter alia, that each party was entitled to 50% of the retirement assets "valued as of the date of commencement of this action May 30, 2012, subject to future gains and losses" (emphasis added). The decision also called upon the defendant, who was represented by counsel, to submit a judgment.
The original judgment of divorce, dated February 11, 2015, provided, in its third decretal paragraph, that the plaintiff was entitled to 50% of the defendant's retirement assets "valued as of the date of commencement of this action May 30, 2012, subject to future gains and losses from December 17, 2014, the date of the court's decision and order" (emphasis added).
By order dated May 6, 2015, the Supreme Court, sua sponte, directed the parties to appear on June 10, 2015. On that date, the defendant and his counsel appeared, but the plaintiff failed to appear. The court expressed its concern about a letter it had received indicating that the [*2]defendant had failed to disclose a variable supplemental pension plan. The court further noted that the third decretal paragraph of the judgment did not reflect the intent expressed in the court's underlying decision, inasmuch as the judgment failed to provide that changes in the value of the retirement assets since the commencement of the action were to be shared equally. An amended judgment was entered thereafter modifying so much of the third decretal paragraph of the original judgment as was necessary to conform the judgment to the underlying decision, and modifying the fourth decretal paragraph of the original judgment to include a reference to the previously undisclosed variable supplemental pension plan. The defendant appeals from the amended judgment.
The Supreme Court had the authority to modify the third decretal paragraph of the original judgment, given the discrepancy between the terms of that decretal paragraph and the underlying decision. "A judgment . . . must conform strictly to the court's decision. Where there is an inconsistency between a judgment . . . and the decision upon which it is based, the decision controls" (Curry v Curry, 14 AD3d 646, 647 [citations omitted]; see Berry v Williams, 87 AD3d 958, 961; Reback v Reback, 73 AD3d 890).
However, the Supreme Court was without authority, sua sponte, to modify the fourth decretal paragraph of the original judgment to add a reference to the variable supplemental pension plan, as this was a substantive modification based on new evidence that had not previously been submitted to the court. Such a modification goes beyond the court's inherent authority to correct a "mistake, defect or irregularity" in the original judgment "not affecting a substantial right of a party" (CPLR 5019[a]; see Herpe v Herpe, 225 NY 323; Meenan v Meenan, 103 AD3d 1277; Baum v Baum, 40 AD2d 1000).
The defendant's remaining contentions are without merit.
BALKIN, J.P., CHAMBERS, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court